## Clark *against* Trinity Church.

An entry in 1811 in the handwriting of the pastor of a church in a book kept in the church as a registry of baptisms and births, the object of which entry was to register the baptism of a person and not his birth, and in which the time of the birth is introduced merely by way of description, is not evidence of the date of the birth.

The court before whom a witness is examining, must be left to exercise its own discretion to say how far irrelevant questions may be asked on a cross-examination in order to test the accuracy of the witness.

To prove the full age of a person, evidence of the assessor of a ward that he was a resident there in a certain year and as such assessed with a tax, is not admissible.

Nor is the evidence of an inspector of a general election admissible, that at an election such person was qualified on oath that he was between 21 and 22 years of age and voted thereat.

Where the title of the plaintiff in ejectment was to accrue on the dying of another person without issue under 21, he is bound to show in ejectment that both these events have happened, and if he give evidence only of his death under 21, it is not sufficient, though the defendant put his case on no such footing in his opening but reserved his objection till the last.

There is no presumption that a party who died under 21 died without issue.

[Clark v. Trinity Church.]

THIS was a writ of error to the District Court for the city and county of *Philadelphia*, in which an action of ejectment was brought by the defendants in error against the plaintiff in error, for a house and lot in the city of Philadelphia.

The question arose on the following clause of the will of John Schillinck, dated the 22d of August 1826 : "Item.—I do give and devise to John Monsell, his heirs and assigns, all that house and lot of ground, &c., with the appurtenances, to hold to him, the said John Monsell, his heirs and assigns, to and for his and their proper use and behoof for ever. Provided, however, that if the said John Monsell shall die before he attains the full age of 21 years without issue, then and in such case, I give and devise the house and lot of ground last aforesaid to the said religious society, called The Holy Trinity, in the city of Philadelphia, their successors and assigns for ever," &c.

1. The plaintiffs, after having proved by the clerk of St. Joseph's Church that the following entry in the registry of baptisms and births of that church was in the handwriting of Mr. Harold, its pastor in 1811, offered it in evidence to show that John Monsell, the devisee, (under whom the defendant claimed), died under full age :

"Oct. 3d 1811, by the same, John Baptist Monsell, born in Philadelphia, 1* Oct. 1811, of John Monsell and Elizabeth Otto. John Schillinck and Rachel Schillinck, sponsors."

The defendant objected to its admission, but the court overruled the objection and the defendant excepted.

2. The plaintiffs then called George F. Smith, who stated among other things that John Monsell, the devisee, was born in the fall of 1811. The defendants, after a cross-examination, proposed to ask the witness, in order to test his recollection, " How old is your youngest child ?" but the plaintiffs objected, and the court refused to allow the question and sealed an exception. The defendant then proposed to ask the witness numerous questions of a similar character for the same purpose, but the court refused to allow them and exception was taken.

3. The defendant then offered to prove by a witness who was assessor of Cedar ward in 1830, that John Monsell, then being a resident of said ward, was assessed by him in the fall of that year; but the court refused to admit the evidence and sealed an exception.

4. The defendant then offered to prove by the inspector of the general election in the fall of 1830, that at said election John Monsell was qualified on oath that he was between 21 and 22 years of age and voted; but the court refused to admit the evidence and sealed an exception.

The defendant called John Laurer, who stated among other

---

* The date 1 before " Oct." had been altered from 4 to 6, and finally made " 1."

[Clark v. Trinity Church.]

things that he saw John Monsell in the fall of 1810, and that Monsell was then eight or nine months old. At the time witness saw him, he was cutting the initials of his name and the date of the year (1810) on the weather-boarding of his house. He had searched for them a few days before the trial, and discovered them.

The defendant requested the Judge to charge that under the will it was necessary for the plaintiffs to prove that John Monsell died without issue as well as under full age; but the Judge refused to give this instruction, and charged as follows: " It is not necessary for the plaintiffs to prove that John Monsell died without issue. The defendant put her case on no such footing in the opening; and if under age, he was presumed to have died without issue, and the defendant had simply placed her case before the jury on the ground that John Monsell was born in October 1809 instead of October 1811." The Judge also charged: " John Lau-, rer's story is so strange, that I do not think it worth while to say anything about it."

The defendant excepted to the charge, and assigned the following errors:

1. The Judge admitted in evidence the registry of St. Joseph's Church.

2. The Judge refused to permit the counsel for the defendant to test sufficiently by cross-examination, the accuracy of the memory of George F. Smith.

3. The Judge refused to receive evidence of the assessment of John Monsell in the fall of 1830.

4. The Judge refused to receive evidence, 1. that John Monsell at the election in the fall of 1830 was qualified on oath that he was then between 21 and 22 years of age; and 2. that the said John voted at said election.

5. The Judge charged the jury that it was not necessary for the plaintiff to prove that John Monsell died without issue.

6. The Judge charged the jury that " John Laurer's story is so strange, that I do not think it worth while to say anything about it."

*G. L. Ashmead,* (with whom was *Keemlê*), for the plaintiff in error, cited 1 *Stark. Ev.* (1826) 175; 1 *Dall.* 67; 1 *Peters* 369; 16 *Serg. & Rawle* 44.

*Hopkins* and *D. P. Brown,* contra, referred to 2 *Esp. N. P.* 473; *Act of* 1700 (*Purd.* 397).

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned is an exception taken to the admission of an entry of the baptism of John Monsell, the devisee named in the will of John Schillinck, in which entry the date of his birth is mentioned; the entry was in a book, proven

[Clark v. Trinity Church.]

by the clerk of St. Joseph's Church, to have been kept in that church as a registry of baptisms and births, and proven also by the same witness, that the entry was in the handwriting of the Rev. Mr Harold, pastor of the church in 1811, the year in which the entry appears to be dated. It is evident that the object and design of the entry was a registry of the baptism of John Monsell, with its date, and not a registry of the date of his birth. The mention of the latter seems to have been introduced rather for the purpose of description than anything else. We therefore think that the entry cannot properly be considered a registry of his birth, and, consequently, ought not to have been admitted as evidence to prove the date of the same.

The second error is an exception to the opinion of the court, overruling the following question, which the counsel for the plaintiff in error proposed to ask George F. Smith, a witness produced by the defendants in error, to wit: " How old is your youngest child?" This question, as it is said, was proposed to be asked for the purpose of testing the accuracy of the recollection of the witness. The question certainly does not appear to have been relevant to the issue, and strictly admissible on that ground. It may, doubtless, upon some occasions, be proper for the court to indulge in asking questions with a view to test the accuracy of a witness's recollection; but the court before whom the witness is under examination at the time have a better opportunity afforded them of judging how far questions for such purpose, that are no otherwise relevant to the issue, may be permitted to be asked, and therefore ought to be allowed to exercise a sound discretion on the subject, without control. We cannot, therefore, say that the court erred in refusing to permit the question to be asked.

The third and fourth errors are likewise founded on bills of exception, taken to the opinion of the court, refusing to permit the plaintiff in error to prove by the assessor of Cedar Ward, in the city of Philadelphia, that John Monsell was a resident therein in the autumn of 1830, and as such was assessed with a tax. And likewise in refusing to permit the plaintiff in error to prove, further, by an inspector of the general election in that same autumn, that John Monsell testified upon his oath that he was then twenty-one years of age, and in consequence thereof was allowed to vote at the election. It appears to us that this evidence was properly rejected by the court; for it did not follow as a necessary consequence, that because he was assessed, he was therefore of full age. The circumstance of offering the assessor to prove the assessment, without more, goes to show that the assessor did not know whether Monsell was of full age at the time or not, otherwise he would have been offered to give testimony directly of the fact. And if he assessed Monsell upon hearsay that he was of full age, that would not do; or if he assessed him upon his own admission or declaration that he was of full age, that would also have been

v. — x *

objectionable, because Monsell had a direct interest in making it be believed that he was of full age, as he would thereby acquire cr dit as the absolute owner in fee of the property in question. The declarations of a person, made in favour of his own interest, can never, for this reason, be relied on as true, and therefore are never admissible as evidence in his own favour. Suppose, for instance, that John Monsell, before his death, had made a will, whereby, after declaring that he had attained the age of twenty-one years, and had thereupon become seised in fee of the property in question, according to the terms of John Schillinck's will, he had devised it to the plaintiff in error; could it be contended with any show of reason, that such declaration made in his will could or ought to be received as evidence that he was twenty-one years of age at the time, after direct and positive testimony had been given on the opposite side, that he died in his minority. It seems to be very clear that he could and ought not. The testimony offered to be given by the assessor was therefore clearly inadmissible. Then as to the testimony offered to be given by the inspector of the general election, it is nothing but the declaration of the devisee, made under the solemnity of an oath. But still, as it was a declaration in favour of his own interest, the circumstance of its being made under the sanction of an oath will not render it the more competent as evidence to support a right claimed to be derived from him. It may be, that under the election law he had a right to claim to be permitted to make oath that he was above twenty-one years of age, in order to obtain the privilege of voting; but for any other purpose, such oath, perhaps, ought not to be received as evidence, unless as against the party who made it, for there is great reason to apprehend that such oaths are frequently made without the least regard to truth, which would seem to render it unsafe to suffer them to be read or given in evidence for other purposes, afterwards, excepting as against the parties themselves, who would have no right to complain, even if they were to lose their rights by reason thereof; for it might very well be regarded as nothing more than a just punishment inflicted upon them for their falsity.

But the fifth error, we think, is fully sustained. The defendants in error, being the plaintiffs in the court below, were undoubtedly bound to show that they had an available title to the lot in question, before the defendant there, after having put in her plea, had any need to say a word or to show anything. But the availableness of the title of the plaintiffs below depended upon their showing, in the first instance, that the devise of the property in question to John Monsell, according to the will of Schillinck, had become defeated or annulled by his having died under the age of twenty-one years and without issue; for unless the plaintiffs gave evidence tending to establish both these facts, they had no right to claim a verdict in their favour. But the plaintiffs below contented them-

[Clark v. Trinity Church.]

selves with giving evidence tending to show that Monsell, the devisee, died under the age of twenty-one years, without giving even a spark going to show that he died also without issue. Upon this state of evidence, the defendant below would most unquestionably have been entitled to a judgment of nonsuit against the plaintiffs, had she moved the court for it. She, however, was not bound to do so; and, instead of doing so, adduced and gave evidence tending to disprove the plaintiff's evidence, by showing that John Monsell was of full age before he died, and then stopped. The counsel of both parties then summed up the evidence to the jury, each claiming a verdict for his client. But the counsel for the defendant, in the conclusion of his address and argument to the court and jury, claimed that his client, if not entitled to a verdict on the ground that John Monsell had died after he attained the age of twenty-one years, was most clearly entitled to it because it had not been shown, nor had there been the least tittle of evidence given by the plaintiffs tending to prove in the slightest degree that John Monsell had died without issue. The court, however, in their charge to the jury on this latter point, instructed them that " it was not necessary for the plaintiffs to prove that John Monsell died without issue. That the defendant put her case on no such footing in the opening; and if under age, he was presumed to have died without issue." In this direction of the court we cannot concur. It was certainly not incumbent upon the defendant below, in opening her case first to the jury, after the plaintiffs had closed giving their evidence, to go any further than to state the evidence and nature of it, which she would give in order to disprove or repel that given by the plaintiffs. She had a right to reserve, until the last, her objection that there was an entire want of evidence on the part of the plaintiffs to prove that John Monsell died without issue, and, therefore, that the estate devised to him by the will could not be considered as at an end or defeated; but, on the contrary, was to be considered as having descended, on his death, to his heirs. By omitting to make this objection in the first opening of her case to the jury, she can neither be said, with propriety or reason, to have waived making the objection afterwards, at any time before the case should be finally committed to the jury, or to have conceded the fact that John Monsell died without issue. To hold that she had, would be most unreasonable, as it never could have been designed or intended, and would, in fact, beside, be permitting the plaintiff to recover without his having shown a title or right of any kind to the property, which would be contrary to every principle of law and justice. So, to presume that because a man died under twenty-one years of age, he must therefore have died without issue, would be repugnant to the ordinary and common experience of every day almost that passes. The thing is neither physically, morally or legally impossible; on the contrary, it is not only altogether physically practicable, but actually often

occurs, and is perfectly consistent with both law and good morals, when it takes place in a state of wedlock, which may be created and exist years before the age of twenty-one.   So that the plaintiff below, being without the aid of either evidence or presumption tending to show that John Monsell died without issue, was clearly not entitled to recover the property in dispute.

Judgment reversed, and a *venire de novo* awarded.