## STEENE *against* AYLESWORTH.

On the trial of an action brought by *A,* the assignee of a bankrupt's estate, under the late bankrupt law of Congress, against *B,* to whom *C,* the bankrupt, had, previous to the proceedings in bankruptcy, conveyed estate, real and personal, with covenants of warranty, to recover the value of such estate, *C* was offered as a witness for the plaintiff.   He was objected to, by the defendant, as being interested in the event of the suit.   To obviate this objection, the plaintiff introduced *C's* certificate of discharge; and to rebut the effect of this, and to show that *C* was still interested, the defendant read in evidence *C's* schedule of property, which did not include the property in question. Held, 1. that this omission did not show such fraud or willful concealment as would destroy the effect of *C's* certificate; 2. that if it could be attacked in this collateral manner, (which was much doubted,) it could be done only upon giving reasonable notice in writing, specifying the fraud or concealment; 3. that *C* was not an incompetent witness, by reason of the covenants in his deeds of conveyance to the defendant, the title to the property conveyed not being in question; 4. that though the interest of *C* in the surplus, unreleased, would have disqualified him as a witness, if the objection had been placed on that ground at the trial, yet as it was distinctly placed on other grounds, which are insufficient, a new trial would not be granted, on account of the admission of *C.*

In the same cause, *D,* being offered as a witness for the plaintiff, was objected to, on the ground of his being interested as a creditor of the bankrupt; and

the only proof of such fact was, that his name appeared as a creditor in the bankrupt's schedule of debts. *D*, being sworn, testified, that although he had been a creditor, he had since assigned the debt, and was not one then. Held, 1. that such schedule did not furnish conclusive evidence of *D's* interest; 2. that this evidence was more than counterbalanced by *D's* testimony.

Where *C* conveyed estate to *B*, for the benefit of his (*C's*) creditors; and afterwards, *A*, the assignee in bankruptcy of *C's* estate, brought *assumpsit* against *B*, for the avails of the estate so conveyed to him; it was held, 1. that *C* might have sustained such a suit against *B*, if *C's* bankruptcy had not intervened ; 2. that under the bankrupt law, the right of *C* devolved on *A*, his assignee.

Where a promise is made to one person for the benefit of another, a suit may be maintained thereon, either by the promisee, or the person for whose benefit the promise is made.

On the cross-examination of a witness, much must be left to the sound discretion of the court; and a new trial will not be granted for an erroneous exercise of such discretion, except in a very clear case.

THIS was an action of *assumpsit*, brought by *Joseph Steene*, assignee of the estate and effects of *Henry C. Peckham*, a bankrupt, under the late bankrupt act of Congress, against *Eli Aylesworth*, to recover the value of certain real estate conveyed by *Peckham*, before he became a bankrupt, to the defendant, and of divers goods, wares and merchandize, by him, before that time, sold and delivered to the defendant.

The cause was tried, at *Brooklyn*, *April* adjourned term, 1846, before *Waite*, J.

On the trial, the plaintiff claimed, that *Peckham*, the bankrupt, on the 27th of *September*,1841, and before any proceedings of bankruptcy, by virtue of a deed of that date, duly executed, conveyed to the defendant certain real estate therein described; and that on the same day, by a bill of sale of that date, he conveyed to the defendant the personal property therein specified; the property so conveyed constituting all the estate, real and personal, of *Peckham*. Both the deed and the bill of sale contained covenants of warranty.

The plaintiff further claimed to have proved, that *Peckham*, at this time, was largely indebted to divers individuals, and was insolvent; that said property was conveyed upon an agreement made by the defendant with *Peckham*, that he the defendant would sell it, and apply the avails, after deducting a reasonable compensation for his services and some small

debts due to him, in payment of the debts of the other creditors of *Peckham ;* that the defendant sold a large part of the personal property, and received the money for it ; that he converted the whole of such money, that portion of the personal property which remained unsold, and the whole of the real estate, to his own use, and did not pay over the avails of such property to the other creditors of *Peckham* according to his agreement, although he held a large amount in his hands over and above all claims in his favour against *Peckham.* The plaintiff further claimed, that if said property was not conveyed to the defendant upon the agreement above stated, the conveyances were not made *bona fide*, and were void, by virtue of the provisions of the bankrupt law.

The defendant admitted the execution of the conveyances, but claimed that they were made *bona fide*, and for a valuable consideration paid by him.

The plaintiff, in support of his claims, offered *Peckham* as a witness ; to whom the defendant objected, on the ground that he was interested in the event of the suit. The plaintiff thereupon introduced a certificate, which had been granted to *Peckham*, by the district court of the district of. *Vermont*, in pursuance of the provisions of the bankrupt law, discharging him from all his debts and liabilities. The defendant claimed, that *Peckham*, notwithstanding such certificate, was still interested ; to prove which he read in evidence a schedule or list of property assigned by *Peckham*, under oath, containing no description of, or allusion to, any of the estate set forth in the plaintiff's declaration ; and the defendant claimed, that by reason of such omission, the certificate was void. The defendant further claimed, that *Peckham* was interested in the suit, by reason of the covenants contained in the deed and bill of sale. Upon these grounds, the defendant objected to the admission of *Peckham*, as a witness ; but the court overruled the objection and received his testimony.

The plaintiff also called *George N. Phillips*, as a witness. To the admission of his testimony the defendant objected, on the ground that he was a creditor of the bankrupt, at the time when the plaintiff received the property mentioned in his declaration, and so interested in the event of the suit. To show that *Phillips* was such creditor, the defendant read from an exemplification of the proceedings in bank-

ruptcy a list of the creditors of the bankrupt, given by him under oath, at the date of his petition, in which he declared himself to be a debtor of *Phillips* in the sum of 40 dollars. The court held this evidence insufficient to establish the disqualification of *Phillips* as a witness.

*Windham,*
*July, 1846.*

Steene
*v.*
Aylesworth.

For the purpose of further showing the interest of *Phillips*, after he had been sworn, the defendant enquired of him whether he was not a creditor of the bankrupt ; to which the witness replied, that he had been a creditor, but that he had previously assigned his debt to another person, and had not then any claim against the bankrupt's estate, or any interest in the event of the suit. The court thereupon admitted him as a witness.

The defendant further claimed, that if the jury should find, that the conveyances made by *Peckham* to the defendant, were made upon any such agreement to pay over the avails of the property, after deducting the defendant's claims against *Peckham*, to the creditors of *Peckham*, as claimed by the plaintiff, the plaintiff could not sustain this suit, because the legal interest was in such creditors, by whom the suit should have been brought ; and the defendant prayed the court so to instruct the jury. The court did not so instruct the jury ; and they returned a verdict for the plaintiff.

The defendant thereupon moved for a new trial, for error in the interlocutory decisions and for a misdirection.

*Welch* and *Cleveland*, in support of the motion, contended, 1. That *Peckham* was interested in the event of the suit, and was, therefore, an incompetent witness. His interest in the subject matter of the suit, is too manifest to be questioned, aside from the certificate in bankruptcy. This will not restore his competency, for two reasons. In the first place, if the proceedings were regular and the certificate valid, it would not show, that there would not be a surplus, after satisfying all the claims against the estate, which a recovery by the plaintiff in this suit would increase. *Ewens* v. *Gold, Bul. N. P.* 43. 1 *Greenl. Ev.* 437. *Butler* v. *Cooke, Cowp.* 70. To remove this objection, *Peckham* should have released his interest in the subject of the suit, and he should also have had a release from the plaintiff and from his creditors. *Carter* v. *Abbot* & al. 1 *B. & Cres.* 444. (8 *E. C. L.* 124.)

*Morgan* v. *Pryor*, 2 *B. & Cres.* 14.  (9 *E. C. L.* 8.)    But secondly, the certificate was obtained by *fraud*, and is therefore void.  *Peckham*, by leaving out of his schedule the property in question, was guilty of a fraud.  Thirdly, *Peckham* was interested, by reason of the covenants in his deed and bill of sale.

2. That *Phillips* was improperly admitted as a witness. The proceedings in bankruptcy show that he was a creditor of the estate; and of course, he was interested to increase the fund.

3. That if the conveyances by *Peckham* to the defendant, were made for the benefit of *Peckham's* creditors, as the plaintiff claimed, the plaintiff had no interest in the subject matter of the suit, and had therefore no right to commence or maintain it in his name; but it should have been commenced in the names of the several creditors for whose benefit the conveyances were made.  1 *Chitt. Plead.* 4.   *Felton* v. *Dickinson*, 10 *Mass. R.* 290.   *Schermerhorn* v. *Vanderheyden*, 1 *Johns. R.* 139.   *Cabot* v. *Haskins*, 3 *Pick.* 83.

4. That the ruling of the court as to the cross-examination of *Peckham*, was wrong. (*a*)

*Strong* and *Backus*, contra, contended, 1. That the defendant was not entitled to a new trial on account of the admission of *Peckham* as a witness.   In the first place, his certificate was valid, notwithstanding the omission in the schedule.   The omission might have taken place innocently; and there was no evidence to show that it was made fraudulently. Fraud will not be presumed.  Secondly, the covenants of warranty did not make *Peckham* an interested witness.   The title to the property was not in question.   Both parties claimed, that *Peckham* owned it, at the time of the conveyance.   But if otherwise, his interest, so far as the covenants in question are concerned, would not be promoted, by the plaintiff's recovery in this suit.   *Prince* v. *Shepard*, 9 *Pick.* 176. 183.   Thirdly, as to *Peckham's* interest in the surplus. He was not objected to, on this ground, at the trial; and to

(*a*) The reporter has no means of stating, from the papers which came into his hands from the court, or otherwise, what the cross-examination referred to was.

allow the objection here would not only contravene a rule of this court, (*Reg. Gen.* 6 *Conn. R.* 327.) but would entrap the plaintiff; for if it had been made at the trial, it might, and undoubtedly would, have been obviated by releases.

2. That *Phillips* was a competent witness. In the first place, the list of creditors furnished by *Peckham,* was only the declaration of a third person out of court. The fact that *Phillips* was a creditor, could not be proved in this way. Secondly, the list, if admissible at all to prove such fact, was only *prima facie* evidence. Thirdly, it related only to the state of things at the date of *Peckham's* petition. *Phillips* might have been a creditor then, and not when he was offered as a witness. Fourthly, he was examined, by the defendant, on his *voir dire,* as to his interest; and he declared that he had none. This is conclusive upon the defendant. *Butler* v. *Butler,* 3 *Day* 214. *Chance* v. *Hine,* 6 *Conn. R.* 231. At any rate, it is sufficient to countervail the evidence adduced by him.

3. That the suit was properly brought in the name of the plaintiff. In the first place, it may well be doubted, whether the creditors *could* sustain an action. 2 *Sto. Dig.* 307. *s.* 1042. *Williams* v. *Everett,* 14 *East,* 582. How are they to sue—all jointly, or each severally? But secondly, if an action might be sustained in the name of the creditors, it would not follow, that the party in whom the *legal title* is vested, could not sue.

4. That *Peckham* could not be cross-examined in the manner claimed by the defendant.

The counsel for the defendant, in reply, insisted, that the objection to *Peckham* as a witness, was properly taken. The defendant claimed, that he was *interested in the event of the suit;* and on this precise ground placed his objection. The plaintiff met him on this ground, claiming that *Peckham* was *not* so interested. The parties were then heard in support of their respective claims, each urging such considerations as he thought proper. The court decided, that he was not interested, and admitted his testimony. The case comes up here upon *the same state of facts;* and "the precise point made by the party and the precise opinion expressed by the court," "appear upon the face of the motion." 6 *Conn. R.* 327.

Has not the rule here been complied with ? And if the decision was wrong, (as seems to be conceded,) is not the defendant entitled to a new trial ?

WILLIAMS, Ch. J. 1. The bankrupt law makes the certificate conclusive evidence of the discharge of the bankrupt, unless impeached for some fraud or willful concealment of his property. Here the fact that this property was not in the schedule, was claimed as sufficient evidence of fraud or willful concealment, so as to destroy the effect of the certificate. Surely, some other evidence was necessary to show a fraud, to vacate so solemn an instrument.

In addition to this, another guard is thrown around this certificate, *viz.* prior reasonable notice in writing, specifying the fraud or concealment. It is not pretended this has been given ; but in answer to this, it is said, they had no opportunity to give such notice. This would be an argument to prove, that cases of this kind, are not the cases in which the doings of another court in granting such certificates, are to be tried. It is enough for this case, that the law requires notice in writing ; and that that notice has not been given. It is not therefore necessary for us to determine whether a certificate of discharge could, in this collateral manner, be attacked ; which we certainly very much doubt.

In the transfer of the personal property, *Peckham* covenants to warrant and defend the property ; and on this ground, it is said, he is interested. But there is here no attack upon the title to this property. The assigneee, by bringing a suit for its value, affirms the title in the defendant. Nor does it appear, that he was called to contradict any fact stated in his deed.

But it is said, that *Peckham* had an interest in the surplus of this estate, that is, what remained after paying his debts ; and as it may so happen, that there may be a surplus, the law considers him interested, unless he gives a release. Of this there is no doubt ; and had the judge understood at the trial, that this objection was made, he would have so ruled ; and on this point the question is, not what is the law, but what were the facts—was any such claim made below ?

The rule of the court is, that on a motion for a new trial, the precise point made by the party, and the precise opinion

expressed by the court, shall appear upon the motion; and in every writ of error there shall be a special assignment of error. 6 *Conn. R.* 327. Now, what was the precise point made below? That the party was interested in the event of the suit, first, as having given the covenants in the deed; and secondly, being the bankrupt under whom the plaintiff claimed. To meet the latter objection, the plaintiff offered the certificate. The defendant says, that is not sufficient to remove the objections to it as void. They go to the court with that precise question; and that question is decided by the court. It does not appear that it was intimated by the court, or thought of by the parties, that there could be any other interest in the bankrupt. Certain it is, that the court below never did intend to decide the question now put to this court; and it would be in direct violation of the spirit, if not the letter of the rule, that a party, under a general allegation of interest in a witness, should specify particular grounds of interest, and omit others, and then claim that those omitted were in fact included in the general objection.

This would be, in effect, to keep back a part of the objection, that it might escape observation, and yet lay the foundation for future litigation. The object of the rule was, that the party should make a full and fair disclosure of his objections so as to give the opposite party an opportunity to obviate it, if he could, or to withdraw the evidence. In this case, the whole course of proceeding was adapted, we trust not intended, to conceal this objection. For no one can believe, for one moment, that the prospect of a surplus from a bankrupt estate, would have been such as to have prevented a release, had this objection been interposed. We think too, that this point is in effect settled, in the case of *Picket* v. *Allen,* 10 *Conn. R.* 146. There the claim was, that a collector's warrant was void, because it was not properly directed, and because the power under it had expired. When the case came to the superior court, it was claimed, that the warrant was void, for another reason, that no rate-bill was annexed. The court said, that this objection was fatal, if taken below; but it was admitted without objection; and the court were required, on other grounds, to charge the jury, that it was void, but were not required to express any opinion on this point. It was, therefore, not a point in judgment.

That was a writ of error; but surely we should have more discretion in an application for a new trial. We may well say, that the defendant had waived any such objection, when it had not been alluded to. If it be said, that the general objection that *Peckham* was interested in the event of the suit, included it; it might with as much force have been said in that case, that a general objection that the warrant was void, included every cause which would render it so.

2. *Phillips* was offered as a witness, and objected to, because he was a creditor. No proof of the fact was offered to show that he was a creditor, except that in the schedule of debts presented by the bankrupt, he is named as such; and we are called upon to grant a new trial, because the court did not hold this fact as conclusive evidence that he was interested; for unless it was conclusive, we cannot grant a new trial, because it did not convince the court. Take the fact most strongly for the objector, as the admission of a person interested, it is nothing more than that the bankrupt acknowledged there was, when he made his schedule, a note or outstanding claim in favour of *Phillips* against him. Whether it was due to him, at this time; or whether it had been assigned to some other person, was left in doubt. But even if the court had erred in admitting *Phillips* as a witness, after he had been admitted and testified that he was not then a creditor, but that he had assigned all his interest in the debt, it would be a perversion of every principle, upon this state of facts, to grant a new trial; because it is apparent, upon the whole testimony, that *Phillips* had no interest whatever. The testimony, taken together, shows only, that he once had an interest, but that before the trial, it was removed.

3. It has been claimed with much pertinacity, that if the sale by *Peckham*, to the defendant, was *bona fide*, this suit cannot be sustained, by the assignees of *Peckham*; and cases have been referred to, to show that the creditors ought to bring the suit.

It is true, that after great diversity of opinion among the judges, it is now settled, that where a promise is made to one man for the benefit of another, the latter may sustain a suit upon that promise. *Pigott* v. *Thompson*, 3 B. & P. 149. and note. But it does not follow from this, that the promisee himself could not sustain a suit. On the contrary, it is ex-

pressly asserted, in many of the cases, that the suit may be maintained, by the promisee, or the person for whose benefit it is made. *Bell* v. *Chaplain, Hard.* 321. *Dutton* v. *Poole,* 1 *Vent.* 318. S. C. Sir *T. Ray.* 302. S. C. 2 *Lev.* 210. 3 *Keble* 815. It is recognized as law, by Ch. B. *Comyns,* which is of itself authority; (1 *Com. Dig. tit.* Action on the case upon Assumpsit. E. a.;) by *Chitty;* (1 *Chitt. Pl.* 5.) and by *Bayley,* J., in a modern case. *Garrett* & al. v. *Handley,* 4 *B. & Cres.* 664. (10 *E. C. L.* 439.) There cannot, therefore, be a doubt but that *Peckham* might have sustained a suit, had it not been for his bankruptcy. The only question, therefore, on this part of the case, is one which has not been alluded to, at the bar—whether the assignee of *Peckham* stands in his place, and can sustain his suit, if *Peckham* could have done it. By the 2nd section of the bankrupt act, all the property and right of property, of every name and nature, with a trifling exception, vests in the assignee, with power to sue for and defend the same.

It is true, that it has been holden, that where a bankrupt is a mere trustee, the property does not pass to the assignee, and the bankrupt can maintain a suit in his own name. *Winch* v. *Keeley,* 1 *Term R.* 619. But it has also been holden, that wherever the bankrupt has a beneficial interest, that interest is a subject of assignment, and, by our law, vests in the assignee. *Smith* v. *Coffin,* 2 *H. Bla.* 461. *Barstow* v. *Adams,* 2 *Day* 70–97.

That the bankrupt here had a beneficial interest in the property thus sold, and that it becomes important to the assignee in settling the estate, is apparent: for, unless the defendant applies the property in his hands to the payment of debts according to his contract, there remains so much more debts to be proved under the commission. We think, therefore, that the assignee is the proper person to bring the suit; and whether the creditors could sustain a suit or not, in point of law, the practical difficulties would be almost insuperable. And in this way, entire justice could be done, upon principles strictly legal.

4. Another question was made at the bar, not within the motion, about which testimony has been heard, relative to the exclusion, by the court, of evidence on a question put to the witness *Peckham,* upon his cross-examination.

*Windham,*
*July, 1846.*

*Steene*
*v.*
*Aylesworth.*

It is extremely difficult to ascertain the exact state of the case, by the testimony, when the question was put. But without attempting to state it exactly, it is enough to say, that upon the cross-examination much must be left to the discretion of the judge; and we are not satisfied, that any error has occurred, which ought to lay a foundation for further litigation in this case.

In this opinion the other Judges concurred.

New trial not to be granted.

## MEMORANDA.

AT the meeting of the Judges of the Supreme Court of Errors, at *Hartford,* in *November,* 1846, for the purpose of revising their opinions in the cases decided by them the preceding summer, the Associate Judges deemed it a suitable occasion, the last that would occur under the same circumstances, to give the Chief Justice an abiding and appropriate testimonial of the estimation in which he was held by them. They accordingly presented him a copy of *Story's Commentaries on the Constitution of the United States,* in three volumes, elegantly bound, accompanied by the following inscription:

"THESE VOLUMES ARE PRESENTED

TO

THE HONOURABLE

# Thomas S. Williams,

CHIEF JUSTICE

OF THE

SUPREME COURT OF CONNECTICUT,

BY THE

ASSOCIATE JUDGES,