INHABITANTS' OF NEW GLOUCESTER *versus* CLARK BRIDGHAM.

In an action of debt, brought on the stat. of 1846, c. 205, in the name of the inhabitants of a town against an individual, to recover a penalty for selling spirituous liquors, without licence, the indorsement of the names of the selectmen, and of the town treasurer and town clerk, upon the back of the writ, as approving the commencement of the suit, and their personal presence at the trial, were held to be sufficient authority to the attorney, to prosecute the suit.

Where the declaration, in such case, alleges, that the selling took place on the twenty-fifth day of December, in a certain year, and "on divers other days, from said 25th day of December and the first day of June following, and only one act of selling is proved, not on the 25th of December, the declaration is sufficiently specific as to time. It is irregular to insert the words following the first day mentioned, but those words are unimportant; and it is not necessary, that the act proved should be on the precise day alleged.

And if the declaration alleges, that the defendant "did sell a quantity of spirituous liquors, to wit: one glass of rum, one glass of wine, one glass of brandy, one glass of gin, and one glass of spirituous liquors, or a part of which was spirituous, to certain persons unknown," and the selling, proved, is of one glass of gin, to a certain person named, an objection on this ground, can be taken advantage of only on demurrer to the declaration.

Where the statute provides, that the penalty to be recovered shall be from one to twenty dollars, and the parties agree, that the jury shall ascertain the

New Gloucester *v.* Bridgham.

amount to be recovered, and the presiding Judge admits evidence, with a view only to enhance the penalty to be recovered, the defendant objecting thereto, of selling at other times than the one relied upon, the defendant cannot be considered as aggrieved by the admission of such evidence.

On the cross examination of a witness, introduced by the defendant, the presiding Judge, in the exercise of a sound discretion, may rightly permit an inquiry of the witness for his reasons why he did certain acts, to test the accuracy of the recollection of the witness, or to affect his credibility, although it may have no direct tendency to support or disprove the issue.

Where the declaration alleges that the plaintiffs, being the inhabitants of a town, " prosecute this action by " certain persons named, one of the persons so named does not thereby become a party to the suit, and is not in consequence thereof rendered incompetent as a witness. And even if he were to be considered a party, he is still made a competent witness in such case by stat. 1846, c. 205, § 6.

The declarations of the defendant, that he had kept and would keep spirituous liquors for sale, although they did not immediately accompany the act of selling as proved, are admissible in evidence on the trial of such action.

It is sufficient, if the evidence will warrant the jury in finding that the defendant actually sold spirituous liquors as alleged, although disguises might have been put in practice to make it seem otherwise.

THIS case came before this Court on exceptions to the rulings and instructions of the Judge of the Western District Court, GOODENOW J. presiding. A copy of the exceptions follows : —

" This was an action of debt to recover the statute penalty for selling a glass of spirituous liquors contrary to the provisions of the act of 1846, chap. 205. The writ makes part of the case.

" The defendant renewed a motion made by him in writing, before the justice at the time of the entry of the action, which motion makes part of the case, and was overruled by the justice before the cause proceeded under the general issue to trial. The defendant moved *ore tenus* in this Court to dismiss the writ. 1. Because no specific time is alleged in the declaration, when the alleged offence was committed. 2. Because there is no specific allegation, in the declaration, as to what particular article was sold by defendant in violation of law. 3. Because the writ upon its face is defective and bad and the

action improperly brought.    All which motions, were overruled by the Judge.    The cause then proceeded to trial under the general issue, which had been pleaded and joined by the plaintiffs, before the justice who tried the cause, after said written motion was overruled by him.

"The plaintiffs then offered evidence tending to prove that defendant sold to one Gibbs, one glass of gin, and received pay therefor of said Gibbs.    The defendant offered evidence coming from said Gibbs, tending to rebut this evidence, and show, that defendant received no pay.

"The plaintiffs, with a view to the amount of penalty to be recovered as damages, offered evidence to prove that defendant, at a prior time, had sold other spirituous liquor to the witness, which, though objected to by defendant, the Court admitted as applicable to the damages.

"The said Gibbs, called as a witness by the defendant, testified to various facts, tending to contradict a witness, called by the plaintiffs, particularly, that he never paid for any liquor drank by him, at the house of the defendant.    On being cross-examined, he admitted that he had repeatedly drank liquor at defendant's house, and that he was in the habit of going there, to get meals of victuals, while his wife boarded at another house, in the same village, and that he paid for such meals. The plaintiffs, then asked the reasons why, he went to defendant's house, to take his meals, and at other times, while his wife was boarding at another house, in the same village.    The plaintiffs were also permitted by the Court, though objected to by defendant, to prove other acts of drinking liquor at various times.

"The plantiffs introduced Thomas Johnson, as a witness, to whom the defendant objected as inadmissible, because it appeared by the writ, that, if not a party to the suit, he was interested in it, but the Court admitted him.

"The plaintiffs offered to prove that defendant, in a discussion with the witness on the subject of temperance, in February or March, 1847, said he had always kept liquor in his house, since he kept public house and always should, and if he had

a mind, to have liquor from Portland by hogsheads, and sell it to his customers, it was nobody's business, which the Judge permitted them to do, against the defendant's objection. The defendant contended, that this action could not be maintained without proof of authority, to commence it, by a vote of the town at a legal town meeting, but the Court ruled otherwise.

" The Judge was requested by the defendant, to instruct the jury, that it was necessary for the plaintiffs, in order to entitle them to recover, to prove not only a delivery, and drinking of spirituous liquor, but that the defendant received pay for the same, in order to constitute a sale, and that proof, that defendant, on request of any person, delivered such liquor to him, to be drank, without paying for it, would not constitute a sale, as the law would raise no implied promise on the part of the person receiving and drinking it, to pay for it, and therefore it would not be in law, a sale. But did instruct them, substantially as follows, that it was not necessary to constitute a sale, that the liquor should be paid for, at the time it was drank, or that it should have been paid for, at the time the suit was commenced, but that it was a sale if credit was given, or it was understood by both parties that it should be paid for, or allowed in the settlement for meals furnished, or for any other article sold. That it would not follow in all cases that where one called on the other for spirit, and had it, that the law implied a promise to pay for it, where there was great intimacy between the parties, as in the case of brothers, &c., but ordinarily where one person called on another for an article of value, and received it, the law would imply a promise to pay for it. And it was for them to determine, whether there were any facts or circumstances in this case, to exempt it from the common principle.

" They were also instructed that the plaintiffs must be confined to one case of selling, and that was the selling to Gibbs, they having selected that case, and unless that was proved to their satisfaction, the plaintiffs could not recover. The other evidence tending to prove sales, was admitted in reference to the amount of penalty, which should be adjudged, if any thing,

against the defendant, and this was referred to the considera-. tion of the jury, by consent of both parties. The jury returned a verdict for the plaintiffs. To the foregoing rulings and instructions of the Judge, the defendant excepts, and prays that his exceptions may be allowed and signed.

"By R. A. L. Codman, his attorney."

The following is a copy of the declaration in the writ : —

" Then and there to answer unto the inhabitants of New Gloucester, in said county of Cumberland, "who prosecute this action by David Allen, Moses Witham and Otis C. Gross, their selectmen, and Thomas Johnson, their clerk, and Joseph Raynes, their treasurer, in a plea of debt. For, that the said Clark Bridgham, on the twenty-fifth day of December last past, and divers other days from said twenty-fifth day of December, and the first day of June instant, at said New Gloucester, not being duly authorized or licensed to be a seller of wine, brandy, rum, or other strong liquors, did sell a quantity of spirituous. liquors, the same not having been imported into the United States from any foreign port or place, and being in less quantity than the revenue laws of the United States prescribe for the importation thereof into this country, to wit, one glass of rum, one glass of wine, one glass of brandy, and one glass of gin, and one glass of spirituous liquors, or a part of which was spirituous, to certain persons unknown, against the peace of the State, and contrary to the statute in such cases made and provided, whereby said Bridgham has forfeited, not less than one dollar nor more than twenty dollars, and by force of the statute aforesaid, an action hath accrued to said inhabitants to demand and receive of said Bridgham not less than one dollar nor more than twenty dollars, to be disposed of according to law."

On the back of the writ was an indorsement, in these words.

" We, the undersigned, approve the commencement of this suit.
           " David Allen,
           " Joseph Raynes,
           " Thomas Johnson,
           " Otis C. Gross,
           " Moses Witham."

New Gloucester *v.* Bridgham.

The writ was dated June 8, 1847.

A copy of the motion, to which reference is made in the exceptions, with the order of the justice thereon, follows : —

" June 26, 1847.     The Inhabitants of New Gloucester *versus* Clark Bridgham.

" Before William Burns, Esq.

" And now at the opening of the Court, the said Clark Bridgham comes into Court and calls for the plaintiff's appearance in this case, to be accounted for and explained according to law.                    " By his counsel,

David Dunn."

" I decide that the plaintiffs do appear according to law, as the whole board of licensing authority named in the writ, together with Wm. Bradbury, Esq. their attorney, are present.

" Wm. Burns, justice of the peace.

*W. & F. Bradbury* for the plaintiffs.

*Codman & Dunn* for the defendant.

The opinion of the Court was by

WHITMAN C. J. — This is an action of debt, against the defendant, to recover of him a penalty for selling spirituous liquors, without license.   It is averred in the declaration, that, on the first day of December, 1846, and between that day and the first day of June, 1847, the defendant sold glasses of spirituous liquors, viz. rum, gin, brandy, wine, and mixed liquors, &c., to divers persons unknown.   The action was originated before a justice of the peace, before whom the defendant " called for the plaintiffs' appearance," which was overruled. Whereupon the general issue was pleaded, and the cause then proceeded to trial ; and was brought into the district court, by appeal, where the call for the plaintiff's appearance was again made and overruled ; and this forms one ground of exception to the decisions in that court.   What idea the defendant's counsel had in this call, is not understood.   The plaintiffs were then regularly in court.   If any agent or attorney had appeared for the plaintiffs, his right to do so might have been questioned ; and the court might have been called upon to determine

whether such agent or attorney was properly authorized to appear in the suit. And this may have been what the counsel was aiming at. Corporations aggregate, must ordinarily prosecute and defend at law, by their agents or attorneys.

Questions of this kind are referable to the sound discretion of the courts, who must determine when it is reasonable to consider an action as commenced and prosecuted by a suitable authorization. A vote of a corporation authorizing some one in its behalf to prosecute, may, generally, be necessary; but there are many cases, in which no such special authority is necessary. Overseers of the poor would be admitted, in behalf of their towns, to appear and prosecute or defend suits, in reference to claims for the support of paupers; and treasurers of our towns would be allowed to maintain suits for demands due by note, payable to their towns; and so would officers of any corporation be considered authorized to prosecute in reference to matters particularly under their care and superintendence. The selectmen of our towns, it is believed, have not unfrequently been allowed to appear in courts, and to prosecute and defend as agents for their towns. Whenever the court sees reason to believe, that, those prosecuting in behalf of a corporation, have a general superintendence over the subject matter in litigation, they will allow them to appear and prosecute, without any special vote for the purpose.

In this case, the selectmen of the plaintiffs, their clerk and treasurer, must be regarded as having authorized this suit. They have signified their approbation of it by their indorsement of the writ. The plaintiffs have an interest in the subject matter of it; and their selectmen, treasurer and clerk constitute the licensing board, and have sanctioned the prosecution; and may well be considered as the agents of their town, to see that the law in this particular, shall not be violated with impunity; and that its interest should not be neglected or overlooked. The district court, therefore, did not err in overruling the motion.

The next ground of exception is, that the time when the selling took place, is not properly alleged. The allegation

is, that it was on a certain day in December, 1846. This is sufficiently specific as to time. A further selling is alleged between that time and the first day of June following, which is irregular, but unimportant, and may be regarded as surplusage. Only one act was proved or found by the jury ; and that may well stand, as having been found to have been on said first day of December ; for it is not important that the act proved should be on the precise day alleged.

It is next insisted, that there is no averment as to what particular articles were sold ; but the allegations as to this matter are in accordance with precedents heretofore in use ; and as particular and certain, as the nature of the case would ordinarily admit of. They are, that the defendant, on the day named, sold spirituous liquors, viz: one glass of each kind, naming them. What is meant by a glass of spirit, cannot be very unintelligible, to dealers in that article ; and our statute of *jeofails* requires only that the averments should be such as that the accusation may be intelligible. This and the preceding objection should come before us, if at all, upon demurrer to the declaration.

The Judge at the trial admitted evidence of selling at times other than the one relied upon, which was introduced by way of aggravation, with a view to enhance the penalty to be recovered, which the statute provides shall be from one to twenty dollars, it having been agreed by the parties, that the jury should ascertain the amount to be recovered. Under such circumstances the proof, so admitted, can form no just ground of complaint on the part of the defendant. Besides, in argument it was stated, and not controverted, that the jury returned their verdict for a penalty of but one dollar, the least that is authorized by statute for a single instance of selling. The defendant, therefore, was not aggrieved by the admission of proof of selling in more than one instance.

An exception was taken to the permission, by the court, on cross-examination of a witness, introduced by the defendant, to inquire of him for his reasons, why he did certain acts, to which he had testified on his examination in chief. But the

court might, in the exercise of a sound discretion, permit such a cross-examination. Such inquiries may be allowed often-times, although they may have no direct tendency to support or disprove the issue, in order to test the accuracy of the recollection of an adversary's witness, or to affect his credibility. In giving his reasons for doing the act, he might render it incredible that he should have done it. In this very instance, the witness had testified to his having been in the habit of getting meals at the defendant's, accompanied with a supply of ardent spirit, for which he paid nothing, otherwise than as he paid for his meals, at the same time that his wife took her meals at another place in the same village, in which the defendant lived. It might well be inquired of him, whether he did not so take his meals for the purpose of being supplied with intoxicating drinks; and, then, whether the defendant did not so under-stand it; and hence to have it inferred, that this was a mere subterfuge to avoid the appearance of selling liquor unlawfully.

It was objected that one Johnson should not have been admitted as a witness. His name, among others, was improvidently introduced into the writ, as being one by whom the plaintiffs sued. There was no reason why he should have been so named. No judgment can be rendered in his favor in the case, nor against him. He cannot be regarded as a party, or as having any other interest than that which pertains to him as an inhabitant of the plaintiff town; and as such he is made a competent witness by Rev. Stat. c. 115,. § 75. But if he could be regarded as otherwise a plaintiff, the statute of 1846, c. 205, § 6, has made him a competent witness.

A further objection was made, that the declarations of the defendant should not have been allowed to be introduced, that he had kept and would keep spirituous liquors for sale, as such declarations did not immediately accompany the act of selling as proved. But declarations of defendants, tending to show their having formed determinations to commit crimes, are always admissible against them, when accused of committing the same.

The exception, as to the supposed want of proof of facts necessary to constitute a sale, is not sustainable. There was evidence from which the jury were warranted in finding, that the defendant actually sold spirituous liquor, as alleged, notwithstanding the disguises put in practice to make it seem otherwise.                          *Exceptions overruled.*