## PLATO *a.* KELLY.

*New York Common Pleas; General Term, July,* 1863.

LIMITING CROSS-EXAMINATION.—WITNESS.—ADVERSE PARTY.

An appeal from an order which has not been entered, as required by sections 349, 350, of the Code of Procedure, nor served as made, will be dismissed.

The limit of a cross-examination is within the discretion of the judge conducting it.

The examination of the adverse party before trial, under section 391 of the Code of Procedure, is in the nature of a cross-examination, and governed by similar rules.

Appeal from an order directing that the examination of a party under section 391 of the Code be closed.

This action was brought by Erastus Plato against John Kelly, sheriff, and Bernard Reilly, to contest a levy upon certain property under an execution against Nelson Plato.

An order for the examination of the plaintiff as a witness was made under section 391 of the Code, under which the examination of the plaintiff as a witness was commenced on March 21, 1861, and continued on various days till May 29,

1862. Upon that day the following question was asked by the defendant's counsel: "You have stated that you were a hatter by trade; of whom did you learn that trade?"

This question was objected to by the plaintiff's counsel, and on presenting it to the court, the following order was made:

"May 29, 1862.

"Question overruled, and examination of defendant closed, and he discharged from further attendance as a witness under the order for his examination heretofore made by me.

"HENRY HILTON."

There had been no motion to close the examination. From this order the present appeal was taken by the defendants.

*Brown, Hall & Vanderpoel,* for the appellants.—I. There is no power in a judge to close the examination of a party *de bene esse.* He can only pass on the admissibility of each question.

II. If there were such power it could only be exercised upon motion by the opposite party, and after the examining party had the opportunity of reviewing the testimony, and proving that the examination was conducted in good faith, and not vexatiously or unnecessarily protracted.

III. In the present instance the parties met before the judge to take his ruling on the admissibility of a single question, and there was no motion pending that the examination be closed; in fact the opposite party had signified his intention of examining the plaintiff on his own behalf.

*Lawrence J. Goodale,* for the respondent.

BRADY, J.—There are two objections to the appeal in this case. The first is that the order made by Judge Hilton has not been entered as required by sections 349 and 350 of the Code, nor has it been served as made. The other is, that the examination of the plaintiff by the defendants is in the nature of a cross-examination. He had already stated his cause of action in the complaint, and the limit of a cross-examination is entirely within the discretion of the judge conducting it. This is an elementary rule, and one founded in good sense and justice. It is

true that the exercise of the discretion is not absolute in its effect. If it be abused, the party injured has his remedy by appeal. The defendants have not shown that the discretion exercised by Judge Hilton was an abuse of power, and the appeal must therefore fail. If the examination of a witness could not be limited, it might go on *ad infinitum*, and the most vexatious practices result. The plaintiff in this case was examined at length, and, for aught that we know, exhausted upon the material features of the controversy.

DALY, F. J., and HILTON, J., concurred.

Appeal dismissed.