## JOHN S. STURGIS *vs.* JOSHUA E. ROBBINS.

*Action.* Burden of proof is on plaintiff to prove case under R. S., c. 26, § 21. *Intention.*

In an action on the case, under R. S., c. 26, § 21, for negligently setting, keeping and maintaining a fire, set by the defendant for a lawful purpose upon his own land, so that it spread to the woodland of the plaintiff, the burden of proof is upon the plaintiff to prove such negligence.

It was charged in the declaration that the fire was set with an intent to injure the plaintiff ; *held,* proper to ask the defendant whether or not, when he set the fire, he thought it a suitable time to burn; even though the plaintiff offered to strike out the allegation as to intent, but did not do so.

Where, upon cross-examination, an irrelevant question is asked, to which no objection is made, and it is answered, the judge presiding at the trial may, in his discretion, refuse to permit the witness to be further interrogated as to this irrelative matter upon the re-direct examination of the party calling him.

ON EXCEPTIONS AND MOTION FOR NEW TRIAL.

CASE, alleging that the defendant carelessly set fire to a pile of brush on his own land and so negligently managed and kept the same that it escaped upon the contiguous wood lot of the plaintiff and did him great damage. The declaration contained, in one count, an averment that the acts of the defendant were done with an intent thereby to injure the plaintiff.

The judge instructed the jury that they must be satisfied that the defendant did not use ordinary care in setting his fire, or in managing it after it was set, before they could render a verdict against him; that the burden of proving the want of such care was upon the plaintiff, to entitle him to maintain his action. The defendant while testifying in his own behalf, was asked if he thought that forenoon, upon which he set the fire, that it was a proper time to burn. To this inquiry the plaintiff's counsel objected, at the same time offering to strike from his writ the charge of an intent to injure the plaintiff; but the court admitted the question and it was answered affirmatively. Objection was also made and over-

ruled to an inquiry put to George A. Robbins, as is fully stated in the opinion. The verdict was for the defendant and the plaintiff alleged exceptions.

*Bradbury & Bradbury*, for the plaintiff.

When one sets a fire which destroys a large amount of his neighbor's property, the utmost indulgence he can ask is the privilege of proving that it occurred without fault on his part; the burden of justification falls upon him. So held in *Johnson v. Barber*, 5 Gilman, 425 ; *Fletcher v. Rylands*, 12 Jur., (N. S.) 603.

It is in the nature of a negative averment, to be disproved by defendant. 1 Greenl. on Ev., § 79; *Commonwealth v. Thurlow*, 24 Pick., 374.

*A. Libbey*, for the defendant.

The instruction as to the burden of proof was correct. *Bachelder v. Heagan*, 18 Maine, 32 ; *Hewey v. Nourse*, 54 Maine, 256.

APPLETON, C. J. By R. S., c. 26, § 21, it is provided that "whoever for a lawful purpose kindles a fire on his own land, shall do so at a suitable. time and in a careful and prudent manner; and shall be liable, in an action on the case, to any person injured by his failure to comply with this provision.

It is not questioned that the fire in the present case was set for a lawful purpose.

The presiding judge instructed the jury that to entitle the plaintiff to recover, they must be satisfied from the evidence that the defendant did not use ordinary care in setting, managing and keeping his fire, and that in both these points the burden of proof was on the plaintiff.

The defendant in setting the fire was in the exercise of his legal rights. It was for a lawful purpose. The burden in all cases is upon a party alleging a wrong done to him to establish it. It is not to be presumed that an act lawful in itself was not done "at a suitable time and in a careful and prudent manner." Unless

such is the legal presumption, the party injured is bound to show the act of which he complains to be the result of negligence or intentional wrong-doing. It is not for the defendant to show, in the first instance, that he complied with the statute, but for the plaintiff to show that he did not. The instruction was in accordance with the repeated decisions of this court, and was correct. *Bachelder v. Heagan,* 18 Maine, 32; *Hewey v. Nourse,* 54 Maine, 257. So in Massachusetts; *Tourtellot v. Rosebrook,* 11 Metc., 461. The plaintiff in his writ charged the defendant with an intent to injure him. The counsel for the defendant put this question to him: "If when you set your fire that forenoon you thought it a proper time to burn?" The question was proper, to negative the intent to injure set forth in the plaintiff's declaration. It was none the less proper because the plaintiff offered to strike out that allegation in his writ but did not. The allegation remains, and remaining, the objection to the question cannot be sustained.

"A proprietor setting fire on his own land is not an insurer that no injury shall happen to his neighbor but is responsible only for negligence." *Dean v. McArthur,* 2 Up. Canada, 448; *Gilson v. No. Gray R. Co.,* 33 Up. Canada, 129.

George A. Robbins, called by the plaintiff, stated on cross-examination, that he set fire on his own land the same day the fire was set by the defendant, and certain precautions were adopted by him to prevent its spreading. On re-direct examination, after stating the condition of his land, and describing its situation, and the precautions he used, the plaintiff's counsel continued the inquiry by this question, "what other precautions did you use?" He answered notwithstanding the defendant's objections: "I took a bucket with me." The plaintiff then offered to show that the witness remained by his fire with buckets and water the day it was set, and that he did not leave it until it was all burned down; but the court excluded the testimony.

This exclusion affords no legal ground for exception. The mode and manner in which this witness set, or managed his fire when set, were immaterial to the issue. The conditions under which

his fire was set, may have been entirely different from those attendant upon that set by the defendant. The issue was upon the defendant's compliance, or failure to comply with the requirements of the statute. Whether the witness, Robbins, did or did not so comply, was a matter utterly immaterial to the issue presented and could not properly affect the verdict. The plaintiff might have objected to the inquiry for irrelevancy, but he did not.

The objection here presented is not that the defendant was permitted to ask an immaterial question, but the question being answered, that the plaintiff was restricted in the re-examination of his own witness in relation to the new and immaterial matter thus introduced. In *Smith v. Dreer*, 3 Wharton, 155, this precise question was determined. It was there held that a witness could not be interrogated by the party calling him as to irrelative matter, although in previous cross-examination he had been questioned as to such matter and given testimony. The defendant in that case (here the plaintiff) might have excluded the testimony, and by his omission to do so, cannot be permitted to draw the inquiry still further from its course.

The rejection of immaterial and irrelevant testimony is one thing. Its admission, another and very different thing. The admission may injuriously prejudice the rights of parties. Its rejection can harm no one. The extent to which cross-examination is allowable in relation to what is irrelevant, is a matter of discretion. The limitations imposed upon such cross-examination can harm no one. Without such limitation, the time of the court is wasted in hearing what is useless and uninstructive; the attention of the jury is distracted from the consideration of the issue to be tried. "On all matters not relevant to the issue, the extent of cross-examination," observes Bigelow, J., in *Prescott v. Ward*, 10 Allen, 203, "is to be regulated by the judicial discretion of the judge at the trial." Such too, was the ruling in *Wroe v. the State*, 20 Ohio St. R., 460.

When the examination or cross-examination of a witness extends to immaterial matter, it is no matter of just exception that the

presiding judge limits the inquiries of counsel, as to what is immaterial. Because òne inquiry of that character has been made and admitted, it is no ground of complaint that a second one of the same character was not allowed. There is more foundation for just exception in the admission, rather than in the exclusion of testimony of this description.

The cause was submitted to the jury under instructions clearly and accurately presenting and defining the legal rights of the par ties. There was evidence on both sides. The tribunal which the law has established for the determination of controverted facts has found that the defendant has in no respect failed in his duty to the plaintiff. The weight of the evidence introduced was for the consideration of the jury, and we perceive no sufficient reason for interfering with their judgment.

*Motion and exceptions overruled.*

DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.