GUTTERSON & a. v. MORSE & a.

A conveyance made by a defendant for the purpose of preventing the satisfaction of the plaintiff's claim by legal process, is competent evidence tending to show the defendant's practical admission of the validity of the claim.

And the grantee, or other accomplice, being a witness for the defendant, his participation in the fraud tends to show a bias affecting his credibility.

The range of a cross-examination in disparagement of the character of the witness, and not otherwise relevant, is necessarily regulated by the discretion of the court at the trial.

ASSUMPSIT. The court allowed the plaintiffs, by cross-examination of the defendants and one S. A. M., to show that a conveyance from one of the defendants to S. A. M. was fraudulently made for the purpose of defeating the collection of the claim in suit, and the defendants excepted. Verdict for the plaintiffs, and motion of the defendants for a new trial.

*Albin* and *Rand*, for the defendants.

*Mugridge* and *Briggs & Huse*, for the plaintiffs.

FOSTER, J. A conveyance made by a defendant for the purpose of preventing the satisfaction of the plaintiff's claim, may tend to show the defendant's practical admission of the validity of the claim. The participation of the grantee, or other accomplice in the fraud, tends to show a feeling, a bias, and perhaps an interest, affecting his credit

as a witness testifying for the defendant. *Mayhew* v. *Thayer*, 8 Gray 172, 176.

If, on these grounds, the cross-examinations in this case were not justifiable, it would by no means follow that they were improperly allowed. The range of a cross-examination in disparagement of the character of the witness, not otherwise relevant to the issue and not infringing his privilege, is necessarily regulated by a sound judicial discretion. How far justice, depending upon the discovery of truth, requires that such a cross-examination should be allowed to go, is a question of fact to be determined at the trial, in view of the appearance of the witness and all the circumstances of the case. 1 Greenl. Ev., *ss.* 431, 449, 451; Taylor Ev., *ss.* 1314, 1315; Stark. Ev. (8th Am. from 4th London ed.) 213; 1 *id.* (5th Am. ed.) 171; Step. Dig. of Ev., *art.* 129; Step. Cr. Law 298; *Clement* v. *Brooks*, 13 N. H. 92, 99; *Seavy* v. *Dearborn*, 19 N. H. 351, 355; *Hersom* v. *Henderson*, 23 N. H. 498, 506; *Com.* v. *Sacket*, 22 Pick. 394; *Com.* v. *Shaw*, 4 Cush. 593; *Com.* v. *Savory*, 10 Cush. 535; *Rand* v. *Newton*, 6 Allen 38; *Prescott* v. *Ward*, 10 Allen 203; *Hathaway* v. *Crocker*, 7 Met. 262, 266; *Winship* v. *Neale*, 10 Gray 382, 383; *Miller* v. *Smith*, 112 Mass. 470, 476; *Com.* v. *Lyden*, 113 Mass. 452; *Wallace* v. *Taunton Street Railway*, 119 Mass. 91; *Powers* v. *Leach*, 26 Vt. 270, 277; *Steene* v. *Aylesworth*, 18 Conn. 244; *New Gloucester* v. *Bridgham*, 28 Me. 60, 68; *Sturgis* v. *Robbins*, 62 Me. 289; *Fry* v. *Bennett*, 3 Bosw. 200; *Lawrence* v. *Barker*, 5 Wend. 301, 305; *Gt. W. Turnpike Co.* v. *Loomis*, 32 N. Y. 127; *La Beau* v. *People*, 34 N. Y. 223, 230, 231; *Real* v. *People*, 42 N. Y. 270, 282; *Carrington* v. *Ward*, N. Y. Court of Appeals, Dec., 1877, 17 Alb. L. J. 74; *Knight* v. *Cunnington*, 13 N. Y. (Sup. Ct.) 100; *Plato* v. *Kelly*, 16 Abb. Pr. 188; *Hay* v. *Douglas*, 8 Abb. Pr. (N. S.) 217; *Stoudenmeier* v. *Williamson*, 29 Ala. 558, 564; *State* v. *Brown*, 4 La. An. 505, 508; *State* v. *Benjamin*, 7 *id.* 47, 49; *State* v. *McCartey*, 17 Minn. 76; *Hall* v. *Chieftain*, 9 La. 322; *Jones* v. *Ins. Co.*, 36 N. J. (Law) 30; *Clark* v. *Trinity Church*, 5 W. & S. 266; *Wroe* v. *State of Ohio*, 20 Ohio St. 460; *Wilbur* v. *Flood*, 16 Mich. 40, 43; *Johnston* v. *Jones*, 1 Black 209. 226; *Storm* v. *United States*, 4 Otto 76, 85; *Cundell* v. *Pratt*, M. & M. 108; *Reg.* v. *Castro*, otherwise *Sir Roger Tichborne*, see Summing up of COCKBURN, C. J., vol. ii, p. 721.

*Judgment on the verdict.*

STANLEY, J., did not sit.