## Monroe Loan Society of Pennsylvania v. O'Dell et al.

*Ernest E. Heim*, for plaintiff.
*E. Arnold Forrest*, for defendants.

KNIGHT, P. J., October 2, 1946.—On June 3, 1931, defendant and his mother, Jule O'Dell, signed a judgment note for $180 payable to the National Finance Company, which has assigned the note and the judgment thereon entered to the Monroe Loan Society of Pennsylvania.

Defendant Louis O'Dell presented his petition for a rule to show cause why the judgment should not be opened and he let into a defense. The petition alleges that the note was without consideration, and that he was a minor when he signed the same.

A responsive answer was filed, depositions taken by defendant, and the matter argued before the court en banc.

The depositions disclose that defendant's real name is Della Terza, but he has been known as O'Dell since his school days.

The only questions argued before us were the age of defendant when he signed the note, and, if an infant at that time, whether he ratified the obligation after he became of age.

It will be noted that even under defendant's testimony he was within two months and 14 days of his majority.

It has been held many times that a power of attorney to confess judgment against a minor is absolutely void and the judgment entered by virtue of it should be vacated: Knox v. Flack, 22 Pa. 337 (1853). If it is absolutely void, it matters not under what circumstances it was signed.

The courts have also held that, if the power to enter the judgment was void, it was incapable of ratification: Lutes v. Thompson, 5 Pa. C.C. 451 (1874) ; Smith v. Fisk, 6 Pa. C.C. 167 (1888).

We have then before us the single query of whether this record presents a case in which we should set the judgment aside, and permit defendant to present the question of his infancy to a jury.

The confession and the judgment based upon it have a presumption of regularitiy and legality in their favor. Has this presumption been overcome by the evidence of defendant?

He testified that he was born on August 17, 1910, and the 17th of August has always been celebrated as his birthday.

It is a very common experience for parties and witnesses to be asked their age, and their testimony in this respect has been universally admitted. It is one of the major exceptions to the hearsay evidence rule.

There is also on the record a stipulation of counsel that they examined a record among the files of S. S. Salvatore Roman Catholic Church of Norristown,

which certifies that Aloysius Della Terza was baptized in this church on September 18, 1910, and that he was born August 17, 1910.

It is contended that this record is not evidence of the date of birth, and there are cases which uphold this view: Clark v. Trinity Church, 5 W. & S. 266 (1843); Sitler v. Gehr, 105 Pa. 577 (1884).

Baptismal certificates are accepted as evidence of birth dates in the absence of better evidence, which it seems impossible to get in this case, by insurance companies, the Veterans Administration and other agencies.

The Act of July 16, 1941, P. L. 383, provides, among other ways of proving date of birth in order to obtain an official certificate, that a baptismal record certified by a priest, minister, or other officer of an ecclesiastical body will be considered as evidence.

The certificate is certainly evidence that defendant was baptized on September 18, 1910, and this may throw some light on his age and birthday.

It is true that the application for the loan made to the finance company contains the statement that defendant is 22 years of age. This application is signed by defendant. The application is not in the handwriting of defendant, and he denies that he ever said he was 22 years old when the loan was made.

The conduct of plaintiff is not above reproach, for it has waited 15 years before pressing its claim during which time defendant testifies that no demand for payment was ever made of him.

After reviewing the record, we are of the opinion that this judgment should be opened, and defendant let into a defense.

And now, October 2, 1946, the rule is made absolute and the judgment is opened.

The petition to open the judgment and the answer filed shall be a sufficient statement of the issue to be tried.