### PLUMMER v. OSSIPEE.

An action for personal injuries to a married woman should be brought in her name alone.

Expressions indicative of pain are competent evidence of suffering at the time.

Evidence of wheel tracks is relevant to the question of where the usual travel on a highway is, and competent to show the limits of a highway established by use.

Evidence of an obstruction in a highway at one point is evidence that a similar object may be an obstruction at another point.

The record of the laying out of a highway in 1792, though it contains no statement of a petition for a highway, nor notice of a hearing, nor award of damages for land taken, is competent evidence on the question of laying out.

Material and relevant testimony given by a witness in answer to a proper interrogatory is not to be excluded because it is not responsive to the interrogatory.

The extent to which a witness, on cross-examination, may be inquired of as to his bad conduct and bad faith, for the purpose of impeaching his credit, is to be determined by the judge at the trial, according to the nearness or remoteness of the subject of the inquiry to the facts of the case.

The declaration of a selectman, that he directed the removal of a stone by permission of the adjacent land-owner, is evidence of a use of land for highway purposes by license, and not adversely.

A medical witness, giving from examination his opinion of an injury, may be required to state what description of the injury he received from any one before the examination.

The judge at the trial may limit the number of merely impeaching witnesses.

Particular instances of careful and safe driving by the plaintiff's driver are competent to rebut the evidence of his character for unsafe driving, shown by particular instances of that kind.

CASE, for injury from an obstruction in a highway. Verdict for the plaintiff. Motion by the defendants for a new trial. The facts appear in the opinion.

*Copeland, Quarles,* and *Jewell,* for the defendants.

*Whipple* and *Hibbard,* for the plaintiff.

ALLEN, J. 1. The action was brought in the name of the plaintiff and her husband, and, against the exception of the defendants, the plaintiff was permitted to amend her writ by striking out the name of her husband. Actions of tort for personal injuries to a married woman should be brought in the name of the wife alone. *Harris* v. *Webster,* 58 N. H. 481. The amendment was properly allowed.

2. The plaintiff was permitted to testify, that at the time of the accident she said she thought her neck was broken, and she felt at one time as if she would have to go in before getting home. The testimony was not a statement of the plaintiff's declarations of what occurred, made after the accident, but of a part of the occurrence itself, and of an exclamation indicative of her feelings. It was competent evidence of what her sufferings were at the time. *Perkins* v. *Concord Railroad,* 44 N. H. 223; *Howe* v. *Plainfield,* 41 N. H. 135; *Taylor* v. *G. T. R. Co.,* 48 N. H. 304.

3. The plaintiff's evidence tended to show a highway at the place of the accident by use for public travel for more than twenty years. Stevenson, one of her witnesses, who had observed the travel at that place for more than sixty years, was permitted to testify that more than a year after the accident he saw three carriage tracks from two to four feet outside the place where the log which caused the accident lay, and that the place of travel around the corner at the junction of the roads had not materially changed since he had known the road. Another witness, Plummer, testified to seeing wheel tracks at the same place at different times, from a year to fifteen months after the accident. The evidence of

wheel tracks, seen a year after the accident, raised the question of fact whether the tracks were too remote in point of time. *Palmer* v. *Concord*, 48 N. H. 211, 219; *Darling* v. *Westmoreland*, 52 N. H. 401, 408, 410, 411; *Haines* v. *R. F. I. Co.*, 52 N. H. 467; *Hovey* v. *Grant*, 52 N. H. 569. It being found, as matter of fact, that the evidence was not too remote, it was admissible.

4. The accident happened by the carriage running upon the log at its west end. The east end of the log was admitted to be in the highway, and Hobbs, one of the plaintiff's witnesses, was permitted to testify that before the accident he saw wheel marks on the log at the east end. Evidence of an obstruction at a place different from that of the accident would not generally be competent to show the existence of the obstruction complained of. Evidence of wheel marks upon the east end of the log was evidence of an obstruction at that place. And whether it was evidence of an obstruction at the place of the accident, depended upon the similarity in size, form, and position, with reference to the travel upon the highway, of the west end of the log with the east end, and upon other facts at the trial, showing the nearness or remoteness of the evidence to the point in question. The evidence not being found too remote, there was no error in its admission. *Darling* v. *Westmoreland*, 52 N. H. 401, 410, 411.

5. The defendants excepted to the admission of the record of the laying out of the highway by the selectmen of Ossipee in 1792, because it did not appear that there was a written application for the laying, or any notice of a hearing, or any award of damages to the land-owners. The ancient record of the laying out of a highway, with evidence of its subsequent use by the public for twenty years, is evidence from which a prior application for the laying out, notice, and award or waiver of land damages may be inferred. *State* v. *Alstead*, 18 N. H. 59; *Hayward* v. *Bath*, 38 N. H. 179; *State* v. *Morse*, 50 N. H. 9, 14; *Thompson* v. *Major*, 58 N. H. 242.

6. Dr. Goss, the plaintiff's family physician, was called to see her a month or more after the accident, and was asked, when testifying, whether he discovered any signs of simulation on the part of the plaintiff. He answered, he did not, but discovered rather a disposition to conceal her sufferings. The part of the answer following the denial was excepted to by the defendants. The whole answer was material to the inquiry, and material and relevant matter is not to be excluded because not called for by the question. *Streeter* v. *Sawyer*, 28 N. H. 555, 559.

7. James H. Plummer, the plaintiff's husband, was asked, on cross-examination, if he had not stated that he was thrown out with such force as to injure his heart and kidneys; that he was perfectly sound before; and if he had not, a few years before, made a claim against the town of Laconia for the same injuries. The inquiry was excluded, subject to the defendants' exception. The inquiry was evidently designed to impeach the credit of the wit-

ness.  Whether the statements called for would tend to contradict
any testimony which the witness had given does not appear.
How far the proposed course of inquiry would be fairly and profit-
ably pursued, on cross-examination, for the purpose of discrediting
the witness, was a question of fact, the decision of which might
depend upon the remoteness of the subject of inquiry from the
material questions on trial, and upon many circumstances.  There
was no error of law in the exclusion of the question.  *Gutterson* v.
*Morse*, 58 N. H. 165.

8.  Hobbs, a witness of the defendants', testified that in 1869 he
was highway surveyor, and removed a rock lying near the place of
the accident, by the direction of White, one of the selectmen.  He
was asked if White claimed that the rock was within the limits of
the highway, and if he had permission from the adjacent land-owner
to remove it.  The inquiry was excluded.  It was competent for
the defendants to contradict, rebut, or explain the evidence of the
plaintiff, which tended to show a highway by adverse use; and the
offer to prove, by Hobbs, that the rock was removed and the re-
pairs were made by the license of the abutting land-owner, was an
offer to show that these acts were not done, adversely, under a
claim of public right.  Evidence of travel on the road, or of repairs
made without permission or license, was evidence for the plaintiff
of an adverse use; and evidence of other instances of travel, and
repairs on other days, by permission, was evidence of a use not
adverse nor under a claim of right, and was in rebuttal of the
plaintiff's claim.  White's intent in directing Hobbs to remove
the rock, whether he understood he was acting adversely, under a
claim of public right, or under the license of the land-owner, was
material, and could be shown by proof of his declarations made at
the time.  The exclusion of the evidence was erroneous.

9.  Dr. Bassett, a witness of the defendants', examined the plain-
tiff on the evening of the accident, and testified that he thought
her injuries were not serious.  The plaintiff was permitted to
show, by cross-examination, that, before examining the plaintiff,
the witness was informed that she received her injury by being
thrown forward upon the dasher and bruising her forehead.  The
evidence was competent to show the witness's state of mind when
he entered upon the examination, and how far that affected his
conclusions on the nature and extent of the injury.  It was a ques-
tion of prejudice, and a proper subject for cross-examination.

10.  The court limited the number of merely impeaching witnesses
to twenty for each party.  In this there was no error of law.
*Bunnell* v. *Butler*, 23 Conn. 65; 1 Gr. Ev., s. 461, note.

11.  The defendants claimed that Plummer, the plaintiff's hus-
band, was intoxicated at the time of the accident.  Blakely testi-
fied that the day after the accident Plummer did not appear to
know that he had lost a wheel tire from a wagon, on which he had
drawn a load of ore the day before.  Swain was permitted to tes-

tify that Plummer told him, on the day of losing the tire, that he had lost it, and to go and get it. Swain's testimony tended to contradict the evidence of Plummer's intoxication on the day of the accident, and for that purpose it was competent.

12. The defendants claimed that the plaintiff's husband was a fast and careless driver, and introduced, in evidence, particular instances of his fast and careless driving. The plaintiff was permitted to testify to other instances of his careful driving when she had been riding with him, to which the defendants excepted. The evidence was relevant to the question of the husband's character for driving safely or otherwise, and was also relevant to the question of the plaintiff's negligence in selecting a suitable driver on the occasion of the accident.

The exceptions are overruled, excepting the eighth. That is sustained. The evidence, which was erroneously excluded, relates solely to the existence of a highway at the place of the accident, and has no bearing on any other part of the case. On that point

*A new trial is granted.*

SMITH, J., did not sit: the others concurred.