PERKINS v. TOWLE & a.

Declarations of a grantor in his own favor made subsequently to the execution of the deed are not admissible to impeach it. But his admissions made against his interest are admissible to sustain the deed.

How far the admission of evidence upon collateral issues should be carried, for the purpose of disparaging the credibility of a witness, is a question of fact to be determined at the trial term.

WRIT OF ENTRY. The plaintiff claims under a deed from Samuel Towle, executed December 31, 1847, the demanded premises being then subject to the life estate of one N., who died March 18, 1872. One of the defendants claims title as the widow of Samuel, and the other as his son and heir. Samuel died April 12, 1872. The evidence tended to show that Samuel left home on the morning of December 31, 1847, and returned in the evening much intoxicated. The defendants offered to show what Samuel said on arriving home in regard to the way in which the plaintiff obtained the deed from him; also, the statements of one B., who wrote the deed, and before whom it was acknowledged, to the effect that the plaintiff obtained it by fraud, and that it ought not to stand. The evidence was excluded, and the defendants excepted.

.For the purpose of rebutting the claim of fraud, the plaintiff called one K., who testified that Samuel called at his house about seven o'clock in the evening of December 31, and stated that he had sold his place to the plaintiff, and what he had received for it, and showed the money; also one C., who testified to conversations with Samuel after the life estate of N. had terminated by her death, in which he recognized the plaintiff's title under the deed in question. To the admission of this evidence the defendants excepted.

One P. testified for the plaintiff that she saw Samuel on his way home December 31, that he showed her his money, and stated how much he had received for the place. For the purpose of showing that she was not old enough at that time to know anything of the transaction, she was asked on cross-examination when and by whom she was married, and answered that she was married sixteen years ago by one L. The defendants then called the widow of L., who testified that he died in 1857. The defendants then offered to show by the witness when P. was married, but the evidence was rejected, and the defendants excepted. Verdict for the plaintiff.

*Bartlett* and *Barnard & Barnard*, for the defendants.

*Whittemore* and *Mugridge*, for the plaintiff.

SMITH, J. The declarations of Samuel Towle, made to his family after he executed the deed in question, being declarations in his own favor, and not a part of the *res gestæ*, were properly excluded. But K.'s testimony of Towle's statements to him, being admissions of Towle against his interest, were properly received; and the same is true of the testimony of C. The statements of B. were nothing but hearsay, and inadmissible.

.According to P.'s testimony, she was married by L. in 1864. The defendants were then allowed to show that she was either mistaken or untruthful as to the date of her marriage, by showing that L. died in 1857, or seven years before the witness said she

was married. The object of this testimony was to show the jury that P., being mistaken or untruthful as to the date of her marriage, must also be unreliable in other particulars. If it would tend to weaken her testimony to any greater extent by showing the true date of her marriage, it would be contradicting her upon a collateral issue, and to what extent that should be carried is a question of fact to be determined at the trial term. *Amoskeag Co.* v. *Head*, *ante* 332, 337; *Merrill* v. *Perkins*, *ante* 343; *State* v. *Railroad*, 58 N. H. 410.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.