## MANCHESTER v. QUIMBY.

A city license granted to a party to place an obstruction in a street does not amount to a waiver of the latter's liability to the city, under Gen. Stats., c. 70, s. 7.

In such case, if the defendant placed an obstruction in the street which caused damage to another, and the city has been compelled to pay for the same, his liability to the city necessarily follows.

CASE. Facts agreed. This is an action to recover damages, paid by the plaintiffs, upon a judgment recovered by Charles H. Varney against the city of Manchester for injuries sustained by said Varney by reason of an incumbrance upon a public highway. The incumbrance was lumber placed in the highway by the defendant, who was seasonably notified in writing of said suit, and requested to defend it. Varney recovered judgment for damages and costs, $3,224.99, which was paid by the city, as alleged in the writ.

Upon application of Quimby to the mayor and aldermen, a license was granted to him, May 12, 1876, "to encumber a portion of the corner of Hanover and Elm streets, opposite his building on said corner, while making repairs upon said premises, complying with the ordinances of said city relative to the same, and also complying with the following conditions, upon which this license is granted:

"First. He is at no time to encumber more than one third the width of either of said streets.

"Second. He is to take proper care that all portions of said streets so occupied shall be as free from obstruction as may be.

"Third. He shall keep and maintain lights through the night, that all obstructions may be well and readily seen.

"Fourth. The above-named licensed person shall be accountable for all damage that may occur on account of any obstructions of the aforesaid streets made or allowed by him under this license, the city in no case assuming any responsibility or liability by reason of granting said license.

"Fifth. This license is granted upon the further condition that no shade-trees shall be cut down or otherwise injured by said licensee, or on account of the aforesaid incumbrance."

The plaintiffs contend that upon these facts and the allegations in this writ Quimby is liable for the said judgment, and that there is no fact for the jury, which the defendant denies, claiming that the action cannot be maintained against him; but that if it can, he is entitled to have the questions tried by the jury; and he contends specially that he complied with all the ordinances of the city relating to placing and maintaining such obstruction in the street. Both parties claim judgment.

*Patten* (with whom was *Cross*), for the plaintiffs, cited *Willey* v. *Portsmouth,* 35 N. H. 304; *Winship* v. *Enfield,* 42 N. H. 198; *Elliot* v. *Concord,* 27 N. H. 204; *Palmer* v. *Portsmouth,* 43 N. H. 265; *Patterson* v. *Colebrook,* 29 N. H. 94; *Willard* v. *Newbury,* 22 Vt. 458; *Newbury* v. *R. R.,* 25 Vt. 377; *Robbins* v. *Chicago,* 4 Wall. 657; *Portland* v. *Richardson,* 54 Me. 46; *Centerville* v. *Woods,* 57 Ind. 192; *Littleton* v. *Richardson,* 34 N. H. 179; 2 Dill. Mun. Corp., s. 795, and cases there cited.

*Stevens* (with whom were *Sulloway & Topliff*), for the defendant, contended that the obstruction, for which the defendant would be liable under the statute, must be an illegal one as between him and the city. But the granting of the license to the defendant was a legal authority, conferred upon him by the city, to encumber the street with his lumber; and if he observed the conditions contained in the license (a fact to be found by the jury), he could not be liable for damages occasioned by an obstruction in the street, which was expressly authorized by the city.

The license constituted a contract between the city and the defendant, which took the place of the statute remedy, and was a waiver by the city of that remedy. It granted him his common-law right to encumber the street. *Winship* v. *Enfield,* 42 N. H. 197–217; *Chamberlain* v. *Enfield,* 43 N. H. 362; *Brown* v. *Dudley,* 33 N. H. 511; *Smart* v. *R. R.,* 20 N. H. 233; *Page* v. *Pendergast,* 2 N. H. 235; *Flint* v. *Company,* 12 N. H. 437; *Woods* v. *Davis,* 34 N. H. 328; *Hanover* v. *Weare,* 2 N. H. 131; *Sch. Dis.* v. *Carr,* 55 N. H. 452; *Currier* v. *Ins. Co.,* 53 N. H. 538; *State* v. *Ober,* 52 N. H. 459; *Pierce* v. *Ins. Co.,* 50 N. H. 297; *Lyman* v. *Littleton,* 50 N. H. 42; *Buzzell* v. *Hardy,* 58 N. H. 331; *Troy* v. *Cheshire R. R.,* 23 N. H. 83; *Laconia* v. *Gilman,* 55 N. H. 127.

FOSTER, J.    Any person causing an injury to another by reason of an incumbrance placed by him in a highway, is liable to the town for such damages as it is compelled to pay on that account. Gen. Stats., c. 70, s. 7.    Aside from the city ordinances and without the license, if the defendant had placed an obstruction in the street, and the city had been compelled to pay damages in consequence of it, we suppose it would not be seriously claimed that the defendant would not be liable under the statute. *Littleton* v. *Richard-*

*son*, 34 N. H. 179. It is admitted that at common law the defendant had a right to use the highway subject to the public easement. In various ways this right has been abridged or regulated by the city ordinances. If at common law the defendant had a right to pile boards in the street, subject to the statutory liability imposed upon him for damages arising therefrom, is he freed from that liability by reason of the city's license granting to him his common-law right? The license amounted to a temporary suspension, as to him, of a municipal restriction of common-law rights, on certain conditions. Without any conditions, it would have left the defendant the same rights with the same responsibilities, with reference to the subject-matter of the license, that were possessed by abutting owners generally before the passage of the ordinances; and he would have been responsible, under the statute, for damages arising from obstructions placed in the street by him. Nor would this be any the less true, if, by accepting the license, he had agreed in terms to assume the statutory liability. *Chamberlain* v. *Enfield*, 43 N. H. 356; *Littleton* v. *Richardson*, 34 N. H. 179.

But the city did not grant him all his common-law rights in the premises : certain conditions were annexed to the license, the performance of which the defendant desires to have passed upon by the jury. But whether the incumbrance was rightfully or wrongfully in the street, whether it occupied more, or less, than one third of the street, or whether the defendant kept lights through the night that all obstructions could be seen, are immaterial questions in this case. If he placed an obstruction in the street which caused damage to another, and the city has been compelled to pay that damage, his liability necessarily follows.

The defendant, therefore, having had due notice to defend in the suit of Varney against the city, is bound as a privy by the judgment in that action. That judgment could not have been rendered unless the jury had found that the injury was caused by an incumbrance in the highway. It is conclusive on that point and on the amount of the damages. As the case finds that the incumbrance was placed in the street by the defendant, there is nothing for the jury.

*Judgment for the plaintiff.*

ALLEN, STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.