## WATSON *v.* TWOMBLY.

A party may show the state of feeling of an opposing witness by cross-examination, or by independent testimony.

For this purpose it is competent to inquire of the witness concerning acts, declarations, and circumstances showing the existence of hostile feelings or prejudice, and the latitude of cross-examination is not restricted by the fact that the witness is a party testifying in his own behalf.

TRESPASS, for an assault.  The action was sent to a referee. The plaintiff testified that she moved into the defendant's house April 1, 1878, and occupied certain rooms; that an altercation arose between her and the defendant November 14, 1878, when he committed the assault complained of by striking her a severe blow

on the face, and she left the house three days after; that the defendant never had notified her to move prior to that time; that one Sunday before the assault he had burst open a door which she had fastened by a button because there was no other means of keeping it shut; that in July previous she had an altercation with the defendant, but no blows were struck; and that the assault of November 14, 1878, was the first time the defendant ever struck her.

On cross-examination the defendant's counsel asked the plaintiff whether at any time prior to November 14, 1878, she had told any one that the defendant had struck her and she was going to have him arrested. The question was objected to and excluded, and the defendant excepted. After the close of the plaintiff's evidence, the defendant offered to show by a witness then on the stand that the plaintiff moved into the defendant's house in May, 1878, six weeks later than she had stated, and that the witness had put knobs in the place of latches on the doors of the house before the alleged bursting in of the door by the defendant; also, by another witness, that before the alleged assault the defendant told the plaintiff she must leave his house; also, by another witness, that the plaintiff told her in July or August, before the alleged assault in November, that the defendant had struck her, and she was going to have him arrested. All this testimony was objected to and excluded by the referee, and the defendant excepted. No one was present at the time of the alleged assault but the parties, and their testimony was in direct conflict, the defendant testifying that he made no hostile demonstration whatever toward the plaintiff.

*Cochrane*, for the defendant.

*Worcester & Gafney*, for the plaintiff.

CLARK, J. Evidence irrelevant to the issue may be material as affecting the credibility of a witness, when it tends to show interest, prejudice, bias, or the relationship and feelings of the witness toward the party. It is the right of a party to show the state of feeling of an opposing witness, and this may be done by cross-examination or by independent testimony. For this purpose it is competent to inquire of the witness concerning acts, declarations, and circumstances showing the existence of hostile feelings or prejudice, and the latitude of cross-examination is not restricted by the fact that the witness is a party testifying in his own behalf. *Brewer* v. *Crosby*, 11 Gray 29; *People* v. *Casey*, 72 N. Y. 393, 398. The state of mind and feelings of a witness may materially affect his testimony, and the credit of a witness upon whose testimony in part the issue is to be determined is not a collateral and immaterial matter. *Martin* v. *Farnham*, 25 N. H. 195; *Folsom* v. *Brawn*, *ib.* 114; *Combs* v. *Winchester*, 39 N. H. 13; *Carr* v. *Moore*, 41

N. H. 131; *Sumner* v. *Crawford*, 45 N. H. 416; *Collins* v. *Stephenson*, 8 Gray 438; *Day* v. *Stickney*, 14 Allen 255.

The plaintiff had testified that the assault of November 14, 1878, was the first time the defendant ever struck her. On cross-examination, she was asked whether at any time prior to November 14, 1878, she had told any one that the defendant had struck her, and that she was going to have him arrested. This question was objected to and excluded, as was also evidence that the plaintiff had made a similar statement in July or August before the alleged assault. The testimony was material as bearing upon the plaintiff's state of feeling towards the defendant. It tended to show that she had falsely charged the defendant with having assaulted her prior to the time of the assault complained of; and the fact that she had previously falsely charged him with assaulting her was a circumstance affecting the credibility of her testimony, which the defendant was entitled to have considered, and all the excluded evidence might tend to impeach the memory of the witness. How far justice requires a tribunal to go from the issue for the trial of collateral questions; how much time should be spent in the trial of such questions; what evidence may be excluded for its remoteness of time or place; and what evidence is otherwise too trivial to justify a prolongation of the trial,—are often questions of fact to be determined at the trial. *People* v. *Court*, 83 N. Y. 436, 460; *Gutterson* v. *Morse*, 58 N. H. 165; *State* v. *Railroad*, 58 N. H. 410, 412; *Plummer* v. *Ossipee*, 59 N. H. 55, 57; *Free* v. *Buckingham*, 59 N. H. 219, 226; *Amoskeag Co.* v. *Head*, 59 N. H. 332, 337, 338; *Merrill* v. *Perkins*, 59 N. H. 343, 345; *Perkins* v. *Towle*, 59 N. H. 583; *Tilton* v. *Society*, ante 377, 384. In this case the evidence appears to have been excluded, not on any such ground of fact, but because, as a matter of law, it was held to be irrelevant; and on that ground the ruling was erroneous.

*Exceptions sustained.*

BLODGETT, J., did not sit: the others concurred.