SWEENEY *v.* NEWPORT.

The liability of a town for injury caused by a defective highway is the same whether the highway was established by a laying out or by dedication and user.

CASE, for injuries received by the plaintiff from falling down the steps of an unguarded stone stairway leading from the sidewalk to the basement of a building on Main street in Newport village. There was evidence tending to show that the sidewalk at the place of the injury was never laid out, but that it had become a sidewalk

and part of the highway by dedication and long use. The evidence also tended to show that the stairway was wholly outside the sidewalk, as thus established, though near to it, and that it had always been kept by the owner in substantially the same situation as it was at the time of the accident, that is, without any railing or guard to prevent travellers inadvertently falling down it. The defendant requested the court to charge the jury that "If the sidewalks became highways by dedication or by public use, they became such subject to the stairway which existed from the beginning of such dedication or use, and these were highways affected by the right of Lewis to have the stairway remain there just as it had been from the beginning of the use; and the town had no right to deprive Lewis of the use of the stairway, as it had been used, by erecting a barrier there for the protection of the travel, and is not liable for not doing so." The court declined so to instruct the jury, and the defendants excepted.

*Ira Colby* and *H. W. Parker*, for the plaintiff.

*A. S. Wait* and *S. L. Bowers*, for the defendants.

SMITH, J. The defendants' contention is, that the Main street sidewalk became a public highway subject to the right of the owner of the Lewis block to maintain the steps leading to the basement, and that the erection of a barrier by the defendants at the entrance to the stairway would be a taking of private property without the rendering of compensation. So far as the land-owner's rights are affected, it makes no difference whether his land becomes a highway by the exercise of the power of eminent domain, or by twenty years' use. In the former case compensation is awarded; in the latter, it is presumed to have been paid or waived. One of the incidents which follows the establishment of a highway by either mode is the duty of the town to keep it in repair suitable for the travel thereon. In order to discharge this duty the town is required to do whatever is reasonably necessary to be done to protect travellers from injury by reason of defects or obstructions made by others so near as to be dangerous; and the want of a railing or other barrier within the limits of the highway may be a defect. *Willey* v. *Portsmouth*, 35 N. H. 303; *Davis* v. *Hill*, 41 N. H. 329; *Knowlton* v. *Pittsfield*, 62 N. H. 535. If the street had been laid out up to the front or edge of the stairway, the question might have arisen whether the safety of travellers would require a railing in and along the sidewalk in front of the entrance to the basement, and to what extent such an obstruction would increase the land damages. These questions are presumed to have been determined, and settled or waived, and due compensation is presumed to have been made, or waived, when the land-owner permitted the sidewalk to become a part of the highway.

No question of limited dedication or revocable license is raised by the reserved case, and *Stafford* v. *Coyney*, 7 B. & C. 257; *Le Neve* v. *Mile End Old Town*, 8 E. & B. 1054, and *Morant* v. *Chamberlin*, 6 H. & N. 551, cited by the defendants, are not in point. In *Jones* v. *Waltham*, 4 Cush. 299, also cited by the defendants, the defect complained of was a cattle-guard at a place where a railroad crossed a highway on the same level, and the town under the circumstances shown in that case was held not liable. But see *Willey* v. *Portsmouth*, 35 N. H. 303, and *Sides* v. *Portsmouth*, 59 N. H. 24. The use by the owner of the Lewis block of the basement steps before the sidewalk became a highway was not a limited dedication to public use of the strip of land between those steps and the original highway. It was in his power to prevent the public from acquiring an easement in the sidewalk. He chose not to do so, and the sidewalk having become a part of a public highway by use, the duty of the town toward travellers, imposed by the statute, requires it to take such steps as are reasonably necessary to make the highways suitable for the travel thereon.

*Exceptions overruled.*

ALLEN J., did not sit: the others concurred.