## KNOWLTON & *a.* v. HOIT.

A person is not liable for damages resulting from the negligence or misfeasance of another in the performance of a lawful contract, unless the relation of master and servant, or principal and agent, exists, and the employer retains the control over the manner of executing the work.

TRESPASS, *qu. cl.,* for breaking and entering the plaintiffs' close, and cutting and carrying away an oak tree, throwing down the

plaintiffs' fence and wall, and incumbering the plaintiffs' land with brush. Facts found by the court.

The defendant bought the standing timber on a lot adjoining the plaintiffs' land, and made a contract with one Hazen to cut the standing trees into lumber at an agreed price per thousand feet. Hazen performed the contract, hiring and paying his men. Beyond making the contract and paying the price agreed, the defendant had nothing to do with cutting the timber. The defendant took the lumber from the lot. In felling the trees, some of them fell upon and across the plaintiffs' fence and wall, breaking some of the boards and throwing down some of the top stones of the wall, and, in trimming them, some of the limbs were left on the plaintiffs' land. The defendant afterwards repaired the wall and fence, and removed the most of the limbs and brush from the plaintiffs' land. The defendant does not own the land on which the timber was cut.

The court found that the oak tree, for which the plaintiffs claim damages, was not on the plaintiffs' land, and, being of the opinion that the defendant was not responsible for the injury to the plaintiffs' wall, fence, and land by the acts of Hazen and his men in cutting the lumber, found a verdict for the defendant; and the plaintiffs excepted.

*Thomas O. Knowlton*, for the plaintiffs.

*David A. Taggart*, for the defendant.

SMITH, J. Hazen was a contractor, exercising an independent employment, and selecting his own servants and workmen. He was not an ordinary laborer, personally engaged in the cutting of the trees, nor acting under control of the defendant. The injuries of which the plaintiffs complain were not the natural result of the work contracted to be done. The contract was to do an act in itself lawful, and the authority conferred by the defendant on Hazen was that of executing it in a lawful manner. The maxim, *respondeat superior*, does not apply. *Carter* v. *Berlin Mills Co.*, 58 N. H. 52.

*Judgment for the defendant.*

CLARK, J., did not sit: the others concurred.