MANCHESTER *v.* WARREN & a.

If A and B jointly contract with C to do certain work, and agree with each other that one shall do a definite part of the work and the other the remainder, neither having control over the other in the performance of his part, A is not liable to a stranger for an injury caused by B in doing his part of the work.

CASE, for damages and costs recovered and expenses incurred in an action against the plaintiffs, in favor of a person injured by a defect in a highway caused by the defendants. Facts agreed. The defendants, Warren and Beede, took a contract to cut, saw, and deliver on the cars all the timber standing on a certain lot, at $5.25 a thousand. Warren owned a sawmill and Beede owned teams; and before making the contract, they agreed with each other that Warren should do the sawing and have $2 a thousand for it, and that Beede should cut the timber, haul the logs to the mill, place them on the rollways, take away the lumber and deliver it on the cars, and have the balance of the contract price. They joined in the contract with the owner of the lot because he would not contract with them severally for their respective parts of the work. They did the work in accordance with their agreement with each other. Beede used his own teams and employed and paid his own help in doing his part. He left some logs by the side of a highway, which rendered it defective, and a person recovered judgment against the plaintiffs for an injury caused by the defect. The question of Warren's liability was reserved.

*Edwin F. Jones*, for the plaintiffs.

*Leach & Stevens*, for the defendants.

CHASE, J. The liability of Warren to the plaintiffs for Beede's acts depends upon the relation existing between him and Beede,

and not upon that existing between the two jointly and the owner of the lot.  By their agreement with each other, Warren had no right to control Beede's action in the performance of his part of the contract.  Beede was not Warren's agent or servant, but an independent contractor.  The leaving of the logs in the highway being an independent act of his, he alone is responsible for it. 2 Thomp. Neg. 899; Shearm. & Red. Neg., *s.* 76 *et seq.; Carter* v. *Berlin Mills,* 58 N. H. 52.

*Case discharged.*

All concurred.