EMERSON, *Adm'r, v.* LEBANON.

On the question whether a highway is defective by reason of the insufficiency of a railing, evidence that the highway surveyor said, when the railing was put in several years before, that it was temporary, may be properly excluded on the ground that it is too remote.

CASE, for the loss of the life of the plaintiff's wife occasioned by a defective highway. Trial by jury; verdict for the defendants. While the plaintiff and his wife were driving upon a highway in Lebanon, on April 21, 1891, the horse suddenly turned to one side and went against a railing separating the highway from Mascoma river, broke it, and with the carriage and its occupants went into the river, and Mrs. Emerson was drowned. The plaintiff claimed that the highway was narrow, that there were logs and

a pile of wood on the side furthest from the river which were liable to frighten horses, that the railing was rotten and insufficient, and that the accident was due to one or more of these defects. The plaintiff excepted to rulings at the trial as shown in the opinion.

*George W. Murray*, *Drew & Jordan*, and *Bingham*, *Mitchell & Batchellor*, for the plaintiff.

*John L. Spring*, *William H. Cotton*, and *Bingham & Bingham*, for the defendants.

WALLACE, J.   One of the questions was, whether the highway at the time and place of the accident was suitable for travel thereon, and one of the alleged grounds of defect was an insufficient railing.   The plaintiff offered to show that the highway surveyor stated, when the railing was put in, about four years before the accident, that it was temporary; and this was excluded. It is urged that this statement of the highway surveyor ought to have been received, because it was a part of the *res gestœ*.   Many collateral circumstances and declarations which surround the principal fact or act under investigation may be shown as part of the *res gestœ*, when they illustrate or explain the principal fact or act. But how far justice requires a tribunal to go in a particular case in the trial or examination of these collateral questions, how much time shall be spent in their consideration, what evidence may be excluded for its remoteness of time or place, and what evidence is otherwise too trivial to justify a prolongation of the trial, are questions of fact to be determined by the court at the trial. There is in many cases a vast amount of evidence of collateral matters, relevant in a certain legal sense, but so unimportant, when compared with an abundance of better evidence easily available, as to be properly excluded.   The parties being allowed upon collateral questions a latitude amply sufficient for the purposes of justice under the circumstances of the case, they are not necessarily entitled, as a matter of law, to go further in that direction.   *Gutterson* v. *Morse*, 58 N. H. 165; *Free* v. *Buckingham*, 59 N. H. 219, 226; *Amoskeag Mfg. Co.* v. *Head*, 59 N. H. 332, 337, 338; *Perkins* v. *Towle*, 59 N. H. 583; *Tilton* v. *American Bible Society*, 60 N. H. 377, 384; *Watson* v. *Twombly*, 60 N. H. 491; *Cook* v. *New Durham*, 64 N. H. 419.

The condition of the railing at the time of the accident was a fact, capable of clear and absolute proof by the exhibition of the railing itself, and by other competent evidence available at the trial. No declarations of the highway surveyor made years before concerning it could prove this fact more fully or satisfactorily, or furnish any additional aid to the jury in correctly determining the question of the condition of the railing at the time of the acci-

dent. The declaration of the highway surveyor, if as a matter of law it was not incompetent, was properly excluded, for the reason that it had so slight or remote a bearing on the main issue that its admission would only tend to prolong and complicate the trial.

Other exceptions taken by the plaintiff at the trial have not been urged or alluded to in argument, and for the reason, doubtless, that no consideration is required to show that none of them can be sustained.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.