Hillsborough, }
  June, 1895.  }

LESSER *& a.* v. NEW HAMPSHIRE FURNITURE CO.

68  343|
71  94|

How far the cross-examination of a witness may be carried for the purpose of discrediting him, is a question of fact to be determined at the trial term.

ASSUMPSIT, for goods sold and delivered.  Trial by jury.  Verdict for the plaintiffs.  The writ is dated May 19, 1894; and the only question was whether payment for the goods was then due, the plaintiffs claiming that it became due May 10, and the defendant that it was not due until June 10.  John W. Wood, who was sole defendant (doing business in the name of the N. H. Furniture Co.), testified in his own behalf, to the effect that, by the agreement for the purchase of the goods, payment was not due until June 10.  Upon cross-examination, the plaintiffs were allowed to ask questions, subject to exception, which drew out the following testimony, in substance: The capital in

the business was about $12,000, and was borrowed upon the defendant's notes, indorsed by a friend. On May 29, 1894, the defendant sold and transferred the stock and business to a corporation having a capital of about $10,000, of which $8,000 or $9,000 was contributed by the defendant, by the transfer of the stock of goods to the corporation. The defendant was president of the corporation. The corporation closed its doors July 26, 1894. Its liabilities were about $50,000. It paid its unsecured creditors thirty cents on a dollar. A committee of the creditors examined into its affairs and recommended a settlement on that basis, which was proposed by the creditors and accepted by Wood for the corporation. Wood claimed that the corporation was solvent, but was forced to a settlement by the action of the creditors.

*John W. Center*, for the plaintiffs.

*Edwin F. Jones*, for the defendant.

WALLACE, J. The cross-examination in this case was designed to discredit the defendant, who was a witness in his own behalf. How far justice required this inquiry should be carried, was a question of fact to be determined at the trial term, and the right of cross-examination was not affected by the fact that the witness was a party. There was no error of law in permitting the cross-examination to take the course it did, nor in the admission of the testimony which it evoked. *Gutterson* v. *Morse*, 58 N. H. 165; *Plummer* v. *Ossipee*, 59 N. H. 55; *Free* v. *Buckingham*, 59 N. H. 219, 226; *Merrill* v. *Perkins*, 59 N. H. 343; *Perkins* v. *Towle*, 59 N. H. 583; *Watson* v. *Twombly*, 60 N. H. 491; *Amoskeag Co.* v. *Worcester*, 60 N. H. 522, 525.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.