Hillsborough, }
   June, 1900. }

## GLAUBER MANUFACTURING CO. *v.* VOTER *& a.*

A delivery of merchandise to a common carrier, in response to an order received from the vendor's agent and purporting to come from the vendee, is a delivery to the latter.

In assumpsit for goods sold, a letter written by the vendees, acknowledging the presentation of the vendor's draft and promising a payment on account, is evidence tending to prove an acknowledgment of the order for the merchandise, its receipt, and their liability to make payment, in the absence of evidence as to other transactions between the parties.

If the answer of a witness is otherwise competent, it is not excluded because it is not responsive to the question.

In the absence of contrary evidence, it is to be presumed that a fact stated by a witness was within his knowledge, and that his knowledge was derived from proper sources.

ASSUMPSIT, for goods sold. The facts are stated in the opinion.

*Wason & Jackson*, for the plaintiffs.

*E. S. & H. A. Cutter*, for the defendants.

PARSONS, J. The deposition upon which the plaintiffs rested contained competent evidence tending to show that in response to an order for the merchandise sued for, received from their selling agent and purporting to come from the defendants, they delivered the goods to a common carrier, addressed to the defendants. Such delivery was a compliance with the contract of sale alleged and a delivery to the defendants. *Arnold* v. *Prout*, 51 N. H. 587; *Garland* v. *Lane*, 46 N. H. 245, 248; *Woolsey* v. *Bailey*, 27 N. H. 217; *Smith* v. *Smith*, 27 N. H. 244, 252.

The remaining question is whether there was any evidence upon which the existence of the contract of sale — the giving of the order — could be inferred. The deposition also contained a paper purporting to be a letter from the defendants to the plaintiffs, acknowledging the presentment of the plaintiffs' draft, stating their inability to accept the same, but promising to send some money on account very soon. There was no evidence of any other transactions between the parties. In the absence of such evidence, it might be inferred that the draft and letter related to the transaction in suit, and that the defendants acknowledged the order for and reception of the merchandise and their liability to make payment. If the letter was properly in evidence, the motion for a nonsuit was properly denied.

The defendants excepted to the admission of the letter upon the ground that its production was not responsive to the interrogatory asked in cross-examination, and because its authenticity was not sufficiently proved. The letter was properly admitted. If an answer is otherwise competent, it is not excluded upon the ground that it is not responsive to the question. *Plummer* v. *Ossipee*, 59 N. H. 55, 57; *Bundy* v. *Hyde*, 50 N. H. 116, 121; *Willis* v. *Quimby*, 31 N. H. 485, 489; *Streeter* v. *Sawyer*, 28 N. H. 555, 559. The witness states that the paper attached to the deposition is a letter from Voter & Co., the defendants. If the fact was as stated, the letter was competent, so that the objection in substance is that it did not appear that the witness had the means of knowing the fact to which he testifies. Where " nothing appears to the contrary, it is to be presumed that what the witness stated was within his knowledge, and that his knowledge was derived from proper sources." *Pearson* v. *Wheeler*, 55 N. H. 41, 42; *Field* v. *Tenney*, 47 N. H. 513, 522. If the defendants thought the witness was stating matter of opinion merely, or that his knowledge was not derived from such sources as would legally entitle him to testify to the authorship of the letter, it was in their power to make the fact clear by cross-examination. *Willis* v. *Quimby, supra.* Under our practice, a deposition cannot be taken without notice to the opposing party and an opportunity for cross-examination. If we are at liberty to infer from the statements of counsel that by agreement the depositions were taken in some other way in the absence of counsel, the defendants' waiver of cross-examination does not confer upon them rights of objection which otherwise they would not have had. It was open to the defendants at the trial to show that the paper attached to the deposition was not in fact their letter. If this fact had been so established, the alleged letter would have been rejected. *Field* v. *Tenney*, 47 N. H. 513.

*Exceptions overruled.*

Young, J., did not sit: the others concurred.