Merrimack, }
Feb. 5, 1907. }

## DREW *v.* BOW.

A town is not liable for injuries caused by ice which has accumulated in the
traveled part of a road by reason of a defective gutter at the side of the
highway.

PETITION, under section 8, chapter 76, Public Statutes, for
leave to file a statement of claim for damages resulting from a
defect in a highway. The defendants negligently permitted a
gutter at the side of a highway to remain in such condition that
water accumulating therein overflowed the roadway and froze,
thus causing the defect complained of. At the April term, 1906,
of the superior court, the petition was dismissed by *Peaslee*, J., on
the ground that the defendants were not liable for injuries which
the plaintiff sustained by slipping on ice in the traveled part of the
highway, and the plaintiff excepted.

*Martin & Howe*, for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman*, for the defendants.

YOUNG, J.  "The changes introduced into the statute [P. S.,
*c.* 76, *ss.* 1, 2, by Laws 1893, *c.* 59] indicate a purpose to greatly
limit liability;  .  .  .  for no liability can arise at any portion
of the highway other than those enumerated, and not then because
the obstruction renders the highway unsuitable, unless the matter
complained of constitutes an obstruction, defect, insuffiency, or
want of repair in a structure the defect in which is made a ground
of liability." *Wilder* v. *Concord*, 72 N. H. 259, 262; *Wentworth*
v. *Pittsfield*, 73 N. H. 358, 360; *Miner* v. *Hopkinton*, 73 N. H.
232; *Owen* v. *Derry*, 71 N. H. 405; *Boyd* v. *Derry*, 68 N. H. 272.
If the defect in the structure complained of must be the imme-
diate (*Farnum* v. *Concord*, 2 N. H. 392; *Ford* v. *Braintree*, 64 Vt.
144)—not the proximate—cause of the plaintiff's injury, he can-
not recover, for the immediate cause of his injury was the ice in
the road—not the condition of the gutter. It will not be neces-
sary, however, to decide that question, for the gutters at the sides
of the ordinary highway are not sluiceways within the meaning of
section 1, chapter 59, Laws 1893, if the language the legislature
used is given its ordinary meaning. A sluiceway is an artificial
channel made to draw off water, either naturally or artificially col-
lected. Cent. Dict. If this is the sense in which the legislature
used that word, and there is nothing to show they intended to give

it any other meaning, the water-course intended must be one either in ( *Welsh* v. *Franklin,* 70 N. H. 491), or across, a highway; for the statute only makes towns liable for injuries happening to a person traveling upon—not near—a defective sluiceway. The fact that the structures common to all highways for collecting surface water and keeping it out of the traveled part of the road are usually called ditches or gutters tends to the same conclusion; for it is probable that if the legislature had intended to make towns liable for injuries caused by the condition of such structures, they would have used apt words to express that intention, and would not have spoken of them by the name commonly used to describe structures intended to dispose of such water after it has been collected.

*Exception overruled.*

BINGHAM, J., dissented : the others concurred.