Hillsborough,
June 3, 1913.

## ARTHUR MERRON *v*. FESSENDEN & LOWELL.

One who is paid by the piece for work done in a mill with machinery furnished by the owners, and who hires and discharges his employees at will, fixes and pays their wages, and directs and controls them in their labor, is an independent contractor, toward whose servants the mill-owners owe no duty as masters.

Where mill-owners provide machinery for the use of an independent contractor and agree to keep the same in repair, they are not liable to a servant of the latter for injuries attributable to the temporary absence of a safety appliance which was furnished as a part of the equipment.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1912, of the superior court by *Pike*, J., on the defendants' exceptions to the denial of motions for a nonsuit and the direction of a verdict in their favor.

The plaintiff was injured while operating a sliding saw-bench in the defendants' mill. The evidence tended to show that the injury was caused by the absence of a stop which would prevent the bench moving far enough to permit the operator's hand to come in contact with the saw. The bench in question was equipped with such a stop, and this was used for some kinds of work and not for other kinds. The plaintiff was hired and paid by one Platts, who had a contract to use the defendants' premises and machinery in getting out kit heads for them and was paid a certain price per thousand heads for his product. Other facts are stated in the opinion.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendants.

PEASLEE, J. Two questions as to the sufficiency of the evidence are presented by the motions for a nonsuit and a directed verdict. It was incumbent on the plaintiff to show (1) that he was the defendants' servant, or (2) that they failed of their duty toward him as the servant of an independent contractor.

1. All the substantial evidence as to the relation of the parties came from the witness Platts. From this it conclusively appears that he was an independent contractor. He was paid by the piece for the work done in his room. He hired and discharged his em-

ployees at pleasure, fixed and paid their compensation, and directed and controlled them in their work. The defendants had no control over or direct relations with them. This evidence was introduced by the plaintiff and was in no way contradicted. The mere surmise of a person who had observed the course of business in the shop, that Platts was a foreman for the defendants, comes to nothing, for the witness testified that he had no knowledge on the subject. Upon this evidence the conclusion could not be reached that the plaintiff was the defendants' servant. *Manchester* v. *Warren*, 67 N. H. 482; *Knowlton* v. *Hoit*, 67 N. H. 155; *Carter* v. *Company*, 58 N. H. 52.

2. There was no evidence that the machine upon which the plaintiff was injured was defective. A safety stop on the bench was used when some kinds of work were to be done, and was removed or turned out of place for other work. This was merely a matter of adjustment. It was not a defect in the machine which the defendants ought to have remedied before furnishing it to Platts' employees for their use. The contract between Platts and the defendants measured the obligations assumed by them. *Spead* v. *Tomlinson*, 73 N. H. 46. Assuming that these obligations extended to the plaintiff, or that obligations to him grew out of the situation into which the contracts brought the parties (*Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522), it would still be incumbent upon the plaintiff to prove a breach of duty. There was no evidence that the defendants agreed with Platts to do more than furnish the machinery and keep it in repair. There was nothing to show that they failed to do this, or that the situation imposed any further obligation upon them. The plaintiff's second ground of complaint, that "if he was not their servant, they permitted him to use the machine upon which he was injured, knowing it to be defective and dangerous," if it states a legal wrong, fails for lack of support in the testimony.

As there was no evidence that the plaintiff was the defendants' servant, nor that they were guilty of a breach of any duty owed to the plaintiff as Platts' servant, the motion for a nonsuit should have been granted.

*Exceptions sustained.*

All concurred.